**MOULTON v. DELOACH et al.  (No. 965.)**

(Court of Civil Appeals of Texas. Beaumont.
May 16, 1923. Rehearing Denied
June 20, 1923.)

**1. Trial 351(5)—Issue as to alleged forgery held properly submitted and special requested issue thereon properly denied.**

In an action wherein defendant alleged that a bill of sale relied on by plaintiff was a forgery and that plaintiff had secured his signature to a blank piece of paper and had thereafter written the bill of sale over it, *held*, that the issue of the alleged forgery was properly submitted to the jury in the special issue, "Did the defendant * * * sign the bill of sale of date September 14, 1921?" and that the court did not err in refusing to submit the requested issue as to whether at the time he signed the paper there had been written on it the writing that there appeared when introduced.

**2. Trial 296(7)—Instruction as to burden of proof held not erroneous or calculated to mislead jury in view of other instruction.**

In an action wherein genuineness of a bill of sale was in issue, where the court instructed that "the burden of proof is upon the plaintiffs * * * to establish their cause of action by preponderance of testimony," *held*, that the additional charge that "the burden of proof is upon that party, plaintiff or defendant, asserting the affirmative of any issue of fact herein submitted to you to establish the same by preponderance of the testimony," was not such as would mislead or confuse the jury or advise them that the burden of proving the bill of sale to be forgery was upon defendant.

**3. Trial 228(3)—Instruction requiring establishment of issue by preponderance of testimony held not erroneous because word "evidence" not used instead of "testimony."**

An instruction relating to the burden of proof and requiring plaintiff to establish his case "by a preponderance of the testimony" *held* not erroneous because of the use of the word "testimony" instead of "evidence."

**4. Trial 260(1)—Denial of requested charge covered by others given held not error.**

Denial of requested charge covered by others given *held* not error.

**5. Appeal and error 1111—Judgment 251(1)—Where one opposing action to foreclose chattel mortgage alleged ownership in himself of the property, he could not under such plea prove a vendor's lien in his favor.**

In an action on a promissory note and to foreclose a chattel mortgage securing it, where the only defendant who contested the action pleaded that he was the owner of the property and alleged that neither plaintiffs nor his codefendants had any rights in the property, but made no alternative plea asking for any foreclosure of any lien in his favor, *held*, that the trial court was without authority to permit him to assert a vendor's lien, and that the appellate court had no authority to reverse the case in order that he might have another opportunity to present his defenses.

**6. Estoppel 83(3)—One claiming ownership or superior lien on personalty mortgaged to secure note held estopped to assert rights against mortgagee.**

In an action on a promissory note and to foreclose a chattel mortgage secured by it wherein the only defendant who contested the action pleaded ownership of the property in himself and alleged that neither plaintiffs nor his codefendants had any rights in the property and that plaintiffs were holding under a purported bill of sale from him which was a forgery, *held*, in view of evidence establishing that he had permitted and assisted plaintiffs, as innocent purchasers, to acquire a lien against the property claimed by him or against which he had a superior lien, that he was estopped from urging such ownership on superior lien against them.

**7. Trial 350(4)—Refusal to submit requested special issue in action to foreclose chattel mortgage held not error.**

In an action on a promissory note and to foreclose a chattel mortgage securing it, wherein the only defendant who contested the action pleaded ownership in himself of the property and alleged that neither plaintiffs nor his codefendants had any rights therein and that plaintiffs were holding under a purported bill of sale from him which was a forgery, where the evidence established that such defendant had witnessed the execution of the note simultaneously with that of the mortgage, *held*, that the court did not err in refusing to submit his requested issue, whether at the time of witnessing the note he then knew and understood that the mortgage securing the note covered the property in controversy.

**8. Evidence 317(1)—Conversation as to contemplated purchaser of mortgaged property held properly excluded as hearsay.**

In an action on a promissory note and to foreclose a chattel mortgage securing it, where the only defendant contesting the action pleaded ownership in himself and alleged that neither plaintiffs nor his codefendants had any rights in the property and that plaintiffs were holding under a purported bill of sale from him which was a forgery, *held*, that the court properly excluded, as hearsay, testimony of a purported conversation with a contemplated purchaser of the mortgaged property to the effect that he "had found out there was something crooked."

**9. Costs 101, 237—Adjudication of costs against all defendants held erroneous and appellant was entitled to costs on appeal.**

In an action on a promissory note and to foreclose a mortgage securing it, where only one defendant asserting ownership in himself contested the action after judgment for plaintiff, *held*, an adjudication of costs "against all the defendants for all costs of court" was error, and that defendant should have been taxed with costs incurred by and against his codefendants, and that where the matter was presented on motion for a new trial and not

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

corrected he was entitled to recover his costs on appeal.

Appeal from District Court, Limestone County; A. M. Blackman, Judge.

Action by Lizzie Glasscock Deloach and another against J. E. Moulton and others. Judgment for plaintiffs, and named defendant appeals. Affirmed in part, reversed in part, and reformed.

Hawkins & Hawkins, of Breckenridge, and Newton & Woods, of San Antonio, for appellant.

Stubbs, Brown & Stubbs, of Mexia, for appellees.

WALKER, J.  This suit was instituted upon a promissory note and to foreclose a chattel mortgage lien on a Lucey special oil-well drilling rig by appellee and her husband against her father, Alex Glasscock, as the maker of the note and mortgage, H. P. Hobson, as owner of the property under purchase from Glasscock, and appellant, J. E. Moulton, on the allegation that he "is setting up some kind or character of right or claim to said drilling rig, which right or claim, if any he has, is inferior to and subject to plaintiffs' note and mortgage, described herein."

Judgment was rendered against defendants Glasscock and Hobson, without contest, and their interest is not involved in this appeal.

Appellant, Moulton, answered by general demurrer, special exceptions, general denial, and the following special pleas: (1) Denying that appellees and his codefendants had any right, claim, title, or interest in and to the property described in plaintiffs' petition; (2) that it belonged to him and an unnamed associate free of all claims and liens of whatsoever character, and that no other person or persons had any interest, claim, title, or lien against the property; (3) that he and his associate had been in actual, continuous, and notorious possession of the property continuously for a time long antedating the origin of appellees' alleged claim to the filing of his answer, and that neither appellees nor his codefendants had ever had actual possession of any of the property; (4) that appellees were holding under a purported bill of sale from him to his codefendant Glasscock, but such bill of sale was a forgery, executed without his knowledge or consent, and without any authority from him whatever; (5) in addition to the special pleas thus enumerated, he also filed an affidavit of forgery against the bill of sale.

As between appellant and appellees, the case was submitted to a jury on the following charge:

"Gentlemen of the Jury: This cause is submitted to you upon special issues. Certain questions will be propounded to you which, when answered and signed by your foreman, will constitute your verdict in this case.

"(1) The burden of proof is upon the plaintiffs in this case to establish their cause of action by a preponderance of the testimony. The burden of proof is upon that party, plaintiff or defendant, asserting the affirmative of any issue of fact herein submitted to you, to establish the same by a preponderance of the testimony.

"(2) You are the exclusive judges of the facts proven, of the credibility of the witnesses, and of the weight to be given to their testimony; the law, applicable to your determination of the issues of facts herein submitted, you receive from the court, in this charge or in any special charge that may be given you, and you will be granted thereby.

"(3) Bearing in mind the foregoing instrument, you will from all the testimony submitted to you upon the trial of this cause find and answer the following questions:

"Question No. 1.  Did the defendant J. E. Moulton sign the bill of sale of date September 14, 1921, which has been introduced in evidence in this case, purporting to convey to A. Glasscock one certain Lucey special rotary oil-drilling rig, complete with all equipment? This question you will answer, 'Yes,' or, 'No.' Answer: 'Yes.'

"Question No. 2.  Did the defendant A. Glasscock execute to the plaintiff Lizzie Glasscock Deloach the certain mortgage introduced in evidence in this case, purporting to have been executed on the 14th day of September, 1921, upon one certain Lucey special oil-drilling rig, and equipment therein recited, and purporting to secure the payment of the $15,000 note therein mentioned? This question you will answer, 'Yes,' or, 'No.' Answer: 'Yes.'

"Question No. 3.  If you answer question No. 2 in the affirmative then say and answer: Did the defendant J. E. Moulton, in signing same as a witness, then know and understand that said mortgage covered the Lucy special oil-drilling rig in controversy in this suit? This question you will answer, 'Yes,' or, 'No.' Answer: 'Yes.'

"Attached to this charge is a form for your verdict. In the spaces provided you will write your answers to the questions propounded, letting your answers correspond in number to that of the question asked, and cause same to be signed by your foreman."

Opinion.

[1] Appellant concedes that the evidence is sufficient to sustain the verdict of the jury on all questions submitted. Appellees' evidence was to the effect that appellant dictated the bill of sale in question and signed it in the presence of certain witnesses, whose signatures attest its execution. The subscribing witnesses all so testified. Appellant denied all such testimony, and while admitting the genuineness of his signature on the bill of sale, explained it by saying that he had at one time given his card to his codefendant Glasscock, who afterwards told him he had lost the card, and asked for his signature on a blank piece of

paper; that he complied with Glasscock's request by writing his name on the blank piece of paper furnished him by Glasscock. In our judgment, question No. 1 fully and clearly submitted to the jury the issue of forgery. We do not see how the jury could have construed the question as having reference to the blank piece of paper upon which appellant admitted writing his name. The inquiry was: "Did the defendant J. E. Moulton sign the bill of sale of date September 14, 1921?" No exception was reserved to this question on the ground that it was ambiguous, but appellant concedes that it was a proper issue to go to the jury. At least, no exception was reserved against its submission. With this question before the jury, its answer determined the question of forgery. It follows then that the court did not err in refusing to submit appellant's requested issue:

"If you find in answer to the questions submitted to you that defendant J. E. Moulton signed his name to the bill of sale to A. Glasscock dated September 14, 1921, then answer this question: At the time he so signed his name to such paper, had there been written on said paper the writing that now appears above his name?"

This was only a resubmission to the jury of the same issue involved in question No. 1. From the jury's answers to questions Nos. 2 and 3, it conclusively appears that they were not misled as to the meaning of question No. 1, and that by their answer they intended to find against appellant's theory on the execution of the bill of sale.

[2] Appellant's fourth proposition is as follows:

"The principal issue on the trial of this case being whether or not the bill of sale from Moulton to Glasscock is genuine, the charge of the court that the burden of proof 'is upon that party, plaintiff or defendant, asserting the affirmative of any' submitted issue, was calculated to mislead and confuse the jury, and advise the jury that appellant was under the burden of proving the alleged bill of sale to be a forgery."

The criticism of the court's charge is not sound. Correctly he applied the burden of proof directly to the issues before the jury. In plain language, he instructed the jury that the burden was on appellee to establish the affirmative of issue No. 1. The jury could not have been misled into believing by the language of the charge that this burden was placed upon appellant.

[3] Again, appellant criticises this charge because of the use of the expression "by a preponderance of the *testimony*," insisting that the word "evidence" should have been used. This point was not saved by exception to the court's charge, and is before us only as a suggestion of fundamental error. We have given it serious consideration only because it is urged and strenuously insisted upon, both in written brief and oral argument, by a very distinguished member of the bar of this state, who is himself a legal writer of distinction and the weight of whose name adds dignity to any proposition. Technically, "testimony may not be synonymous with evidence," as said by 22 C. J. 66, 67:

"While the term 'testimony' is frequently employed as equivalent, in legal effect, to 'evidence,' such use is inaccurate, for the two terms are not synonymous. 'Evidence' is the broader term, and includes all testimony, but 'testimony' is accurately used to designate only a particular kind or species of 'evidence,' namely, that which comes to the tribunal through living witnesses speaking under oath in the presence of the tribunal."

But the jury was not misled by the inaccurate use of the word "testimony." In the language of the ordinary citizen—and we might truthfully say of the lawyers great and small, except when dealing in the exquisite technicalities, or forgotten and obsolete legal phrases, or splitting hairs with the school men of ancient days—the words are synonymous. In this state, above all rules of technicality, there is a law of substantial justice (Rule 62 a), and it ill becomes an appellate court to reverse the judgments of trial courts upon attenuated hypotheses which neither they nor the lawyers who read their opinions can follow without the aid of a legal glossary.

[4] The court did not err in refusing special charge No. 1:

"You are charged that in this case the burden rests upon the plaintiff to show, by a preponderance of the evidence, that the bill of sale from J. E. Moulton to A. Glasscock is genuine and was executed by Moulton after same had been drawn."

This issue was fully covered in the charge as given on the burden of proof.

[5, 6] Under the authorities cited by appellant (Arnold v. Delano, 4 Cush. [Mass.] 33, 50 Am. Dec. 754; Clark v. Draper, 19 N. H. 419; Milliken v. Warren, 57 Me. 46; Smith on Personal Property, 189; Jones on Liens, 1914, c. 18), his proposition may be sound that "a vendor of personal property who retains possession thereof has a lien to secure the unpaid consideration, which lien is not affected by the fact that he has accepted a note for such consideration," but such proposition has no application to the facts of this case, for the simple reason that appellant specially pleaded that he was the owner of the property, and had no alternative plea asking for foreclosure of a common-law lien. Because of the nature of his plea, the trial court was without authority to give him the relief now urged, and we have no authority to reverse the case in order that he may have another opportunity to present his

defenses, especially so, in view of the fact that it appears from the record, as presented on this appeal, that he is estopped to urge that defense against appellees. Having knowingly permitted and assisted appellees, as innocent purchasers, to acquire a lien against property owned by him, or against which he had a superior lien, the defense now urged could avail him nothing.

[7] The evidence showed that appellant witnessed the execution of the note simultaneously with that of the mortgage. As under the pleadings this presented only an evidentiary matter, the court did not err in refusing to submit appellant's requested issue:

"Did the defendant J. E. Moulton, in signing the note for $15,000 from A. Glasscock to Lizzie Glasscock Deloach, then know and understand that the mortgage securing said note covered the Lucey special oil-drilling rig in controversy in this suit?"

[8] Appellant complains of the refusal of the trial court to permit one Jarvis to detail a conversation between witness and defendant Hobson, to the effect that Hobson had told him one time that he was not going to buy the rig from Glasscock, because he "had found out there was something crooked about this rig." The excluded evidence was the rankest hearsay as between appellant and appellees, and even as between appellant and defendant Glasscock. It was not even admissible as impeaching Glasscock, because Jarvis was not purporting to testify as to what Glasscock told him, but only Hobson's reason for refusing at one time to buy the property.

Appellant's seventeenth proposition is as follows:

"There is not sufficient evidence in the record to support the foreclosure of a lien upon 1,800 feet of 4-inch drill stem, one hoist, and seven fish-tailed bits."

There is no merit in this proposition. If there was sufficient evidence to raise the issue that the drill stem and bits were in appellant's possession, then the issue was raised that they were a part of the mortgaged property. If such issue was not raised, then it does not appear that appellant had any interest in the drill stem and bits. If he had no interest in the property, the question presented by appellant's proposition becomes immaterial as affecting this appeal.

[9] The court entered judgment "against all the defendants for all costs of court." This was error. Appellant should not have been taxed with the costs incurred by and against his codefendants. In all other respects the judgment of the trial court is without error and is affirmed, but as to the item of costs, the judgment of the trial court is reversed and here reformed so as to tax appellant only with the costs incurred by and against him. As this error was raised by appellant in his motion for new trial, thus giving both the trial court and appellees an opportunity to correct it, he should now recover the costs of this appeal, and it is accordingly so ordered.

Affirmed in part, and in part reversed and reformed.