**MEAD et al. v. KING et al.   (No. 206.)**

(Court of Civil Appeals of Texas.   Eastland.
May 21, 1926.   Rehearing Denied
June 11, 1926.)

**1. Appeal and error** ⟺713(3)—**Overruling special exceptions must be shown by judgment entry; assignment of error predicated on bill of exceptions not being sufficient.**

Assignments of error questioning action of court on special exceptions will not be considered when assignment is predicated on bill of exception, since fact that exceptions were presented to and ruled on by court must be preserved by judgment entry, and not by bill of exception.

**2. Appeal and error** ⟺1051(3).

Admission of answer in another cause over defendant's objection that it had not been properly certified, if error, was cured by defendant's admission that he authorized such answer to be filed.

**3. Vendor and purchaser** ⟺44.

Evidence *held* to show that defendant falsely represented to plaintiff that land which he conveyed to plaintiff had certain buildings on it.

**4. Exchange of property** ⟺5—**Innocent purchaser for value, without notice of interest held by heirs of vendor's deceased wife, held entitled to rescission of exchange of property, where deed did not cover all land which grantor said would be included.**

Innocent purchaser for value, without notice of interest held by heirs of vendor's deceased wife, *held* entitled to rescission of exchange of property, where deed did not cover all land which grantor said would be included, since his defense against heirs must be predicated on conveyance of legal title, and could not be interposed as to land not in deed.

**5. Estoppel** ⟺83(1), 98(1).

Vendor who falsely represented that land conveyed included improvements *held* estopped to claim that deed did not convey land represented, but such estoppel would not bind heirs of his deceased wife who had interest in property.

**6. Exchange of property** ⟺3(2).

Party to contract for exchange of property *held* not to ratify it by his delay in bringing suit, occasioned by the other party's request for time to cure defects in title.

**7. Vendor and purchaser** ⟺35.

Purchasers of land are entitled to cancellation of deed and rescission of contract for misrepresentations as to title of vendor, even though they have received warranty deed and there has been no eviction by paramount title.

**8. Vendor and purchaser** ⟺35.

Vendor's statement that he had and could convey good title *held* in effect to be representation that facts which would constitute good title existed.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Suit by Sallie C. King and husband against A. M. Mead and others.   Judgment for plaintiffs, and defendants appeal.   Affirmed.

Chastain & Judkins, of Eastland, for appellants.

Grisham Bros., of Eastland, for appellees.

LITTLER, J.   Appellant was the owner of 320 acres in Lea county, state of New Mexico, and appellee was the owner of certain lots in the town of Eastland.

Appellant and appellee entered into a contract whereby they were to exchange properties, appellee deeding to appellant the Eastland property and appellant deeding to appellee the east 240 acres out of the 320-acre tract in New Mexico.   Each party was to furnish to the other party an abstract showing good title to their respective holdings, and was to convey the property by warranty deed.

Appellee alleged in his petition that appellant had told him that the improvements on the 320-acre tract of land were all on the east 240-acre tract, being the 240 acres conveyed to appellee by appellant.   Appellee, believing said representations to be true, agreed to exchange properties.   Appellee, in his petition for rescission of the trade, alleges that the improvements were not on the 240-acre tract, but were on the 80-acre tract reserved by appellant; that appellant was not the true owner of the 240 acres; that a suit had been filed by appellant's second wife in which she claimed a one-half interest in said lands; that appellant, in answer thereto, filed his affidavit in the court in New Mexico, to the effect that said lands were the community property of appellant and his first wife; that there were two children by said marriage, and that said children by said marriage were entitled to their mother's part of said land.   Appellee further alleged that he had often made demand on appellant to straighten up the title to said lands, and also made claim to damages on account of the improvements not being on the lands conveyed; that appellant transferred by deed certain of said lots in Eastland to his daughter, Addie May Mead.

Appellee's suit was for cancellation of the deed to the Eastland properties and for cancellation of the deed from appellant to his said daughter and for damages.

Appellant answered by general demurrer, general denial, and special exceptions.

The case was tried before the court without the intervention of a jury.   The court, after hearing the evidence and argument, found in favor of the plaintiff, and decreed the cancellation of the deed from the plaintiff to defendant covering said lots; also canceling deed from A. M. Mead to Addie May Mead covering certain of said lots in the town of Eastland, Tex.; also decreed the cancellation of the deed from defendants to A. M. Mead to plaintiff covering the land in New Mexico.

Court also gave plaintiff judgment for the sum of $55.99. From the judgment of said court defendant prosecutes his appeal to this court upon three assignments of error:

[1] First assignment complains of the action of the court in overruling defendant's demurrer and special exception to plaintiff's petition. This bill of exception cannot be considered. Assignments of error calling in question the action of the court on the special exceptions will not be considered when the assignment is predicated on a bill of exception, as the fact that the exceptions were presented to and ruled on by the court must be preserved by a judgment entry, and not by a bill of exception. Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899, and authorities cited.

[2] Bill of exception No. 2 complains of the action of the court in permitting plaintiff to introduce in evidence a certain document filed in the cause pending in the court in New Mexico, wherein Pearl Mead was plaintiff and A. M. Mead defendant, said document being purported answer filed by A. M. Mead in said cause; said exception to said testimony being on account of said document not being certified to by judge of said court. If this ruling was erroneous, the error was cured by the subsequent admission by appellant that he authorized the answer to be filed. Hence, we conclude that this exception is not well taken.

[3] Bill of exception No. 3, complains of the action of the court in permitting plaintiff W. H. King, while on the stand and testifying as to the fraudulent representation made by defendant as to the location of the west boundary line of the New Mexico property, to testify as follows:

"I went to hunt the corner rock, it was the S. W. corner rock, between the two tracts of land—the 240-acre tract of mine and the 80-acre tract of Mead's. I found the corner. I could view the line from this rock, and see that the west line of my 240 acres was east of the house, some 60 or 75 yards, throwing all the improvements west of my line and on the 80-acre tract."

If this testimony was all the evidence in support of the fraudulent representations made by defendant it would be difficult to support the court's finding. However, we have further evidence as shown by letter written by defendant to one of his former neighbors in New Mexico, which said letter in part reads as follows:

"I kept the 80 acres but let him have use of it, guess I will let that woman have it if she wants it, of course he can have it as his see. Now I don't know just where that line divides the two tracts, but the houses belong to Mr. King. Of course you need not say anything about it, if he don't, but if he don't want the houses where they set, he can move them over in the garden and have the mulberries in front, that is what I was going to do, and make my garden below the lots."

We conclude from the contents of the letter written by the defendant it clearly shows that

285 S.W.—53

defendant did misrepresent to plaintiff the location of the west line and the buildings and improvements on the land and that said evidence is sufficient to justify the findings of the court.

[4] The only other question raised by the appellant is to the effect that appellee has not been dispossessed of the land and could not so be as he would be an innocent purchaser without notice of any claim or claims by the children of the appellant and his first wife in the claim for which appellant's second wife had already filed suit.

Appellant relies upon the rule that, in order to justify a rescission of an exchange of property for failure of title, there must be not only failure of title in whole or in part, but danger of eviction as declared in Cooper v. Singleton, 19 Tex. 267, 70 Am. Dec. 333; Milby v. Hester (Tex. Civ. App.) 94 S. W. 178 (writ of error denied). His claim is that it is shown by the uncontradicted evidence that appellee took a deed from appellant without notice of the alleged defects in his title, and therefore can hold the land and cannot be evicted. If appellant had included in the description of the deed executed by him to appellees all the land which he represented that he sold to them, it might be difficult to avoid the application of the rule as contended for. In Hill v. Moore, 62 Tex. 610, followed by a great number of cases, the rule is well established that one who purchases from the husband where the title is in the latter and without notice of the existence of heirs of the deceased wife, or that the land was community, takes full title. In this case the deed executed by appellant did not cover all the land which appellant showed appellee and stated to appellee was conveyed by the deed.

[5] This would estop appellant to claim that the deed did not as to him convey the land represented, but such estoppel could have no binding force or effect upon the heirs of appellant's deceased wife who were shown beyond controversy to own an interest in the property, and as to them, appellees could not interpose such defense. The defense of an innocent purchaser for value must be predicated upon a conveyance of the legal title. As to that part of the premises which was represented as included in the purchase and which was not covered by the deed, appellees would have no defense in a suit against them by the owners. The evidence showing that litigation was pending, and that, in the answer filed by appellant, the interest of the children of his former wife was pleaded by him, makes it apparent that there was danger of eviction as to a part of the land which appellees received in the exchange of notes.

Appellees are entitled to their whole bargain, and entitled to rescind if there is failure of title in whole or in part of the premises. Hurst v. Knight, 164 S. W. 1062; 2 Black on Rescission and Cancellation, § 436. Therefore, it does not become necessary to

pass on the question presented as to appellees' rights to have rescission without showing danger of eviction.

[6] Serious complaint is made by appellant to the effect that the uncontradicted testimony showed ratification by appellees. Appellees' testimony shows that the delay in bringing the suit was occasioned by appellant's request therefor in order to give appellant an opportunity to cure the defects in the title, and that appellant in effect agreed that, if time was given and appellant could not cure the defects, appellant would reconvey the land which he received, and that, acting thereon, appellees remained in possession of the land in New Mexico until it appeared that appellant could not cure the defects in the title and refused to rescind. 9 C. J. p. 1204; Russell v. Dayton Coal & Iron Co., 109 Tenn. 43, 70 S. W. 1.

[7] The purchasers of land are entitled to a cancellation of the deed and rescission of the contract on account of misrepresentations as to the title of the vendor, even though they have received a warranty deed and there has been no eviction by paramount title.

[8] Although a statement by a vendor of land that he had and could convey good title embodied a conclusion drawn from the facts relative to the title, it was, in effect, a representation that the facts which would constitute a good title to the land existed. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900.

The record disclosing no reversible error, the judgment of the lower court is affirmed.