## McLENDON v. FEDERAL MORTGAGE CO.
### et al.
### No. 1343.

Court of Civil Appeals of Texas. Waco.
April 13, 1933.

Rehearing Denied May 18, 1933.

C. S. & J. E. Bradley, of Groesbeck, for appellant.

Thompson, Knight, Baker & Harris, and Sol Goodell, all of Dallas, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by J. W. McLendon, appellant herein, against the Federal Mortgage Company, hereinafter called appellee, to perpetually enjoin it from selling a lot of improved land in the city of Mexia under a power contained in a deed of trust given it by appellant's grantors, W. B. Boling and wife. Appellant based his claim to such relief on allegations of estoppel. Said Boling was made a party defendant herein, but no relief was sought against him, except judgment for such sum of money, if any, as appellant might be adjudged to pay on certain indebtedness which he alleged appellee claimed was owed to it by said Boling and secured by said deed of trust. Appellee did not plead its indebtedness against Boling or pray for judgment therefor against ei-

ther him or appellant. Neither did it plead its lien to secure the same on said lot of land, nor seek to have it established or foreclosed.

There was a trial to the court. The testimony showed that said Boling, on and prior to July 28, 1927, owned the lot of land involved in this suit; that the same was incumbered with a lien created by a deed of trust given by Boling and wife to appellee to secure the indebtedness evidenced by their note to it for the sum of $2,533.06, with interest from maturity until paid at the rate of 10 per cent. per annum, which note was dated October 27, 1925, and was payable in monthly installments of $40 each, the final installment being for the sum of $13.06; that said deed of trust was duly recorded; that said Boling represented to appellant that said indebtedness had been reduced by payments to the sum of $1,356.20; that appellant purchased said lot of land and paid therefor by delivering to said Boling one automobile of the agreed value of $2,250, by assuming and promising to pay to appellee the said sum of $1,356.20 claimed to be owed to it by Boling as aforesaid, and by further assuming and promising to pay certain paving assessments and all taxes for the year 1927; that in doing so he relied on the representations of said Boling with reference to the amount of the unpaid balance on his indebtedness to appellee, secured by said deed of trust as aforesaid. Boling and wife executed and delivered to appellant their deed to said lot, reciting such consideration, and same was duly recorded on the 29th day of July, 1927. Appellant, on August 1st thereafter, wrote to appellee, stating that he had traded for said land and asking it to let him know the balance due on its debt. Appellee replied thereto that the balance due on such indebtedness at that time was $1,439.18. The sum so stated was $82.98 more than was admitted by Boling to be due and that much more than appellant had assumed and promised to pay. Appellant testified that he relied on the accuracy of appellee's statement of the amount due it on said indebtedness, and decided that he would pay such additional sum to appellee rather than rescind the trade. He further testified that Boling was at that time, and for several months thereafter, in possession of the automobile so delivered to him by appellant, and that the same was unincumbered; that had appellee then claimed that Boling's indebtedness to it amounted in the aggregate to $1,652.24, being $213.06 more than the amount actually claimed by it in said letter, he would have immediately rescinded his trade with Boling and would have reclaimed his automobile. He further testified that, relying on appellee's said statement of the amount of the indebtedness secured by its lien on said land, he paid to it said sum of $1,439.18, and paid on said paving assessments the sum

of $270 and also the taxes so assumed by him. The testimony showed that appellee advised appellant on or about February 7, 1930, that it then claimed there was still due on Boling's indebtedness to it the sum of $532.12, and that appellant afterwards paid to it the sum of $240, which, together with previous payments, amounted in the aggregate to $1,439.18, the amount claimed by appellee in its letter to appellant in August, 1927. No notice to appellant of any earlier claim by appellee of such excess was shown. The court thereupon dissolved a temporary injunction theretofore granted restraining appellee from selling said lot in satisfaction of the indebtedness so claimed, and entered judgment that appellant take nothing by his suit, and that both defendants go thence without day.

The court, upon request, filed elaborate findings of fact and conclusions of law. Such findings were in accord with the facts hereinbefore recited and included specific findings showing the existence of all the necessary elements of estoppel against appellee in favor of appellant, unless a finding that Boling was insolvent in February, 1930, when appellant first learned that appellee was claiming more than the amount stated in its letter of August, 1927, was necessary to support estoppel. The court in this connection found specifically that appellant had not shown such insolvency, but had shown every other fact necessary to constitute an estoppel. The court's conclusions of law were as follows:

"(1) The deed from W. P. Boling and wife to plaintiff, J. W. McLendon, being a full warranty deed, and the plaintiff having failed to show that he is unable to recover from said W. P. Boling on his warranty, the court concludes that plaintiff has failed to show that he has suffered, or will suffer, any injury, and therefore the defendant, Federal Mortgage Company, is not estopped to assert and claim the true amount of the balance of $213.06 due to it on said original note for $2533.06.

"(2) That the plaintiff fell short of showing an estoppel against Federal Mortgage Company to foreclose its lien upon said land and sell the same under its deed of trust, in the sole respect that he did not use proper diligence to protect his property from subjection to said lien by pursuing his remedy against Boling to make good the balance of his debt of Federal Mortgage Company, when he discovered the true amount of the balance due on said indebtedness, and in failing to show that he might not yet thus protect his property."

### Opinion.

 Appellant presents for consideration a single assignment of error. He contends therein that the court erred under the evidence and under the facts found in not ren-

dering judgment perpetually enjoining appellee from selling his land in satisfaction of its indebtedness against his vendor Boling. The testimony showed, and the court found, in substance or effect, that appellee's letter to appellant in August, 1927, amounted to a concealment or a misstatement of the amount of the indebtedness claimed by it against Boling and secured by said deed of trust; that appellee knew or was charged in law with knowledge of the amount of indebtedness so claimed by it; that said statement was made with the intention or expectation that appellant would act upon it; that it was reasonable and natural that he should act upon it; that the amount of indebtedness so claimed by appellee was unknown to appellant; that he relied on the accuracy and truth of said statement; that he acted thereon and surrendered rights and expended moneys which he would not have surrendered or expended had he known that such statement was untrue. We do not understand the court to hold that the surrender by appellant of his right to rescind the trade for the palpable misstatement by Boling of the amount of the indebtedness owed by him to appellee, and to reclaim the automobile while it was in substantially the same condition as it was when delivered to Boling, was not the surrender of a valuable right. Neither do we understand the court to hold that the subsequent payment by appellant of said several sums of money to appellee and others did not constitute a material change in his position. The court in his findings tacitly, if not expressly, recognizes injury resulting to appellant, but holds in effect, as a matter of law, that, before such injury or loss could form the basis of an estoppel against appellee, appellant was required to show affirmatively that he could not recover the sum claimed by appellee by an action against Boling on his warranties. The rule is well established in this state that, while the vendor's covenants of warranty are breached by the existence, at the time of the delivery to his vendee of his deed containing the same, of an outstanding incumbrance, such vendee can recover in a suit thereon nominal damages only, unless he has already paid or discharged such incumbrance, in which event the measure of his recovery would be the amount paid to discharge the same and secure the release thereof. Woodward v. Harlin (Tex. Sup.) 39 S.W.(2d) 8 et seq., and authorities there cited; Thomas v. Ellison, 102 Tex. 354, 356, 357, 116 S. W. 1141. It is apparent that, under the rule so announced, appellant could not prosecute an effective suit upon Boling's covenants of warranty until he had waived estoppel and paid appellee the said sum of $213.06 claimed by it. Even if Boling had been at the time of trial admittedly solvent, appellant would still have been required to pay appellee its demand or permit it to sell his property in satisfaction of the same and to suffer the delay, to assume the burden of trouble and expense incident to a suit against Boling to recover the sum so paid, and to take the chance of Boling's continued solvency, the ultimate recovery of a judgment for the sum so paid, and the collection thereof. We see no equitable reason for imposing such burdens upon appellant, who relied upon appellee's erroneous statement of the amount of indebtedness against the land claimed by it, rather than upon appellee, which caused or permitted such statement to be made under circumstances which reasonably indicated that he would act thereon. Appellee's claim against Boling as the maker of the note held by it for the unpaid balance thereon is in no way impaired by these proceedings, and Boling, if solvent, can be made to respond to appellee's demand therefor as effectively as to any demand that appellant might assert were he to pay the same. We do not think that appellant was required, before he was entitled to the benefit of estoppel, to show that Boling was in fact insolvent either in February, 1930, when he first learned that appellee was claiming such sum in excess of the amount claimed by it in its letter of August, 1927, or at the time of trial. See, generally, 2 Pomeroy's Equity Jurisprudence, p. 1642, § 804, and p. 1672, § 813; 10 R. C. L., p. 689 (near bottom of page); 21 C. J., p. 1059, § 1; Mayer v. Ramsey, 46 Tex. 371, 375; Whiteselle v. Texas Loan Agency (Tex. Civ. App.) 27 S. W. 309, 314, 315 (writ refused); Fielding v. DuBose, 63 Tex. 631, 636 et seq.; Page v. Arnim, 29 Tex. 53, 54, 73; Moulton v. Deloach (Tex. Civ. App.) 253 S. W. 303, 306, par. 6; Mead v. King (Tex. Civ. App.) 285 S. W. 832, 833, par. 5; Stevens v. Turlington, 186 N. C. 191, 119 S. E. 210, 212, 32 A. L. R. 870, par. 3.

Appellee, by counter assignments, assails certain findings of the court material on the issue of estoppel. After careful examination of the testimony as a whole, we have reached the conclusion that such findings are not without support in the evidence.

■ Since the trial court found the existence of every fact necessary to support appellant's claim of estoppel and erred only in the application of the law to the facts so found, the judgment of the trial court is here reversed, and judgment is here rendered perpetually enjoining appellee from selling appellant's said land under its said deed of trust.