NORTHCUTT et ux. v. HUME et al.
(No. 73—2835.)

(Commission of Appeals of Texas, Section B.
May 28, 1919.)

1. APPEAL AND ERROR ☞1082(2)—RESERVATION OF GROUNDS OF REVIEW—SUFFICIENCY OF PLEADING.

Where the trial court overruled all exceptions to the petition, thus holding it sufficient, and no error on appeal to the Court of Civil Appeals was assigned to the ruling, the Supreme Court, on error to review the judgments of the trial court and Court of Civil Appeals, should treat the petition as if no objection to its sufficiency had been made.

2. COVENANTS ☞116—WARRANTY OF TITLE—ACTION FOR BREACH—PLEADING AND EVIDENCE.

In suit for breach of warranty of title, allegations in the petition that the price paid for all the land purchased by plaintiff was $8,000, and that the price paid for the land to which the title failed was $25 an acre, held sufficient to admit evidence of the price paid for all the land, whether in money or property, and of the proportional part of such price represented by the land lost.

3. COVENANTS ☞122—WARRANTY OF TITLE—ACTION FOR BREACH—DAMAGES—EVIDENCE.

In action for breach of warranty of title, the recitals in each of the two deeds to plaintiff that the consideration for the conveyance was $8,000, though placed therein at his suggestion, were prima facie evidence of the value put upon the property, real and personal, which he gave for the conveyances.

4. COVENANTS ☞118—WARRANTY OF TITLE—ACTION FOR BREACH—EVIDENCE OF VALUE OF PROPERTY RECEIVED.

In an action for breach of warranty of title, the recitals in each of the purchasers' deeds of $8,000 as consideration being prima facie evidence of the value put upon the property exchanged for the conveyances, the grantor or seller had the right to show that the consideration expressed in the deeds was not the real consideration, but the burden of proof was on him to show the real consideration.

5. COVENANTS ☞130(7)—WARRANTY OF TITLE—BREACH—RIGHT OF RECOVERY—EVIDENCE.

For breach of warranty of title the warrantee is entitled to recover the price paid for the conveyances, and where the price is paid in property, the value of the property is admissible.

6. COVENANTS ☞118—WARRANTY OF TITLE—ACTION FOR BREACH OF COVENANT — PRESUMPTION.

In an action for breach of warranty of title of land conveyed in an exchange of properties, there is no presumption, on the issue of damages, plaintiff offering the deeds to him which recite a consideration for the conveyances of $8,000, that either party obtained an advantage in the trade.

7. COVENANTS ☞130(7) — WARRANTY OF TITLE—ACTION FOR BREACH—CONSIDERATION—EVIDENCE.

In an action for breach of warranty of title of property conveyed in an exchange of properties, evidence as to the value of the property given by either party in exchange for property of the other is admissible to show the true consideration paid by the warrantee.

8. COVENANTS ☞122—WARRANTY OF TITLE—ACTION FOR BREACH—CONSIDERATION—SUFFICIENCY OF EVIDENCE.

In an action for breach of warranty of title of land conveyed in an exchange of properties, evidence held sufficient to show that the price paid by plaintiff warrantee to the warrantor for all the land conveyed to him was $8,000.

9. COVENANTS ☞122—WARRANTY OF TITLE—ACTION FOR BREACH—PROPORTIONAL PART OF PRICE—SUFFICIENCY OF EVIDENCE.

In an action for breach of warranty of title of lands conveyed in an exchange of properties, evidence held sufficient to show the proportional part of the price paid by plaintiff warrantee represented by the part of the land to which title failed, though there was no direct evidence that the land was all of similar quality or equal value.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by Z. T. Northcutt and wife against H. E. Hume and others. From judgment for defendants, plaintiffs appealed to the Court of Civil Appeals, which affirmed (174 S. W. 974), and plaintiffs bring error. Judgments of the trial court and Court of Civil Appeals reversed, and case remanded for new trial on recommendation of the Commission of Appeals.

Y. W. Holmes, of Comanche, and Synnott & Underwood, of Amarillo, for plaintiffs in error.

John W. Veale and W. A. Davidson, both of Amarillo, for defendants in error.

MONTGOMERY, P. J. This is a suit to recover damages for breach of warranty of title to land. Northcutt and wife owned certain lands and personal property situated near Wildorado in Oldham, county, Tex., and H. E. Hume owned two tracts of land in Hale county, Tex., of 160 acres each, one known as the Stringfellow pre-emption, and the other near Hale Center, which we will designate as the Hale Center tract. The parties named agreed upon an exchange of these properties. The agreement was that Hume was to convey to Northcutt the two tracts in Hale county, and that Northcutt was to convey to Hume his land near Wildorado, and also to deliver to Hume certain personal property. Northcutt owed certain sums of money which it was necessary for him to repay before the trade could be closed, and Hume agreed to lend Northcutt

$2,600 with which to pay his debts, the same to be secured by a deed of trust on the Hale county property. The trade was closed by Northcutt and wife conveying to Hume the land near Wildorado and delivering the personal property, the conveyance reciting a consideration of $8,000 cash, and by Hume conveying the two tracts in Hale county to Northcutt by warranty deed, reciting a cash consideration of $8,000. Northcutt executed to Hume a note for $1,000, and secured same by deed of trust on the Stringfellow 160-acre pre-emption, and also executed to Hume another note for $1,600, which was secured by a deed of trust on the Hale Center tract. This transaction occurred on July 23, 1912.

Both the notes above referred to were by Hume transferred to the Canadian Oil & Gas Company, a corporation in which Hume was interested.

The notes having matured, the corporation caused the trustee to advertise the lands for sale as provided by the deeds of trust.

This suit was instituted by Northcutt to enjoin the sale under the deeds of trust, and both Hume and the corporation were made parties defendant. Northcutt alleged that the title to 89½ acres of land, a part of the Stringfellow pre-emption, had failed, in that same was covered by other and older valid grants. He further alleged that two tracts in Hale county had been conveyed to him by Hume by a warranty deed, and that the consideration for said conveyance was $8,000, and that of said sum he paid Hume $6,400, and for the balance executed two promissory notes secured by deed of trust. Plaintiff Northcutt further alleged facts showing that Hume had no title to the 89½ acres of the Stringfellow pre-emption, and that it was adversely owned and occupied when the deed to him was executed. He alleged that the price paid for said land was $25 per acre. Certain other allegations with reference to the ownership of the notes of the Canadian Oil & Gas Company were made which it is not necessary to set out. Plaintiff prayed that the sale of the lands under the deeds of trust be enjoined, and that he recover against Hume $2,230, and that the same be credited on the notes, and for other relief. Hume denied that the title to any part of the land had failed, and alleged that the transaction was an exchange of property, and that no price per acre, or otherwise, was agreed upon by the parties, and that the recited consideration of $8,000 was written into the deed at the request of Northcutt. The proof showed an exchange of property, and that no definite value was fixed upon either the property conveyed by Hume or by Northcutt, and that the recitation of the consideration recited in the deed was placed therein at Northcutt's instance. Northcutt testified that this sum was his es-

timate of the value of the property, and that he had requested that the deed should recite this consideration. There was evidence as to the value of the property conveyed by Northcutt to Hume, but none as to the value of the land conveyed by Hume to Northcutt, and no evidence as to the value of that portion of the land to which the title failed as compared with the remainder of the land. The evidence was sufficient to authorize a finding that Hume had no title to a portion of the Stringfellow pre-emption. The trial court gave the jury a peremptory charge to find for the defendants. Northcutt appealed, and the judgment was by the Court of Civil Appeals affirmed. 174 S. W. 974.

## Opinion.

There seems to be no doubt that the evidence was sufficient to show that Hume had no title to a part of the Stringfellow pre-emption at the time he made the conveyance and warranted the title. The Court of Civil Appeals in its opinion assumes this fact. The judgment of the trial court was affirmed by the Court of Civil Appeals because in its opinion the pleading and the evidence were both insufficient to furnish facts from which the amount recoverable could be determined. The Court of Civil Appeals held that the burden was on the plaintiff Northcutt both to plead and prove the value of all the land conveyed and warranted by Hume at the time of the conveyance, and also the proportional part of said value represented by the land to which the title failed, and that the plaintiff Northcutt, having failed to discharge this burden, was not entitled to recover anything.

[1, 2] The trial court overruled all exceptions to the petition, thus holding it sufficient, and no error was on appeal assigned to this ruling. We think under these circumstances that we should treat the petition as if no objection to its sufficiency had been made. The petition alleges that the price paid for all the land was $8,000, and that the price paid for the land to which the title failed was $25 per acre. This allegation, we think, sufficient to admit evidence showing the price paid for all the land, whether paid in money or property, and the proportional part of such price represented by the land lost.

The serious question in the case is whether there was any evidence upon which judgment for the plaintiff could be predicated.

There was no evidence of the value of the two tracts of land conveyed by Hume to Northcutt unless the recital in the deed of the consideration of $8,000 or the value of the property given in exchange therefor constitutes such evidence.

[3, 4] The recitals in each of the deeds of $8,000 as a consideration, although placed therein at Northcutt's suggestion, is

some evidence of the value put upon the property exchanged.

In the case of White v. Street, 67 Tex. 179, 2 S. W. 530, it is said:

"The deed recites that sum as the consideration paid. Of that deed the defendant was the maker; it speaks his words, and, in an action against him upon his warranty, would be of itself evidence sufficient to authorize a judgment against him for the sum stated to be the consideration, with interest on it, if the breach of warranty was shown. It would be the right, however, of the defendant to show that the true consideration was not stated, and to show what it in fact was, but the burden, in this respect, would be upon him. It is unimportant whether the consideration was paid in money or in other lands, in so far as the recital of the value of the consideration is to be deemed evidence against the maker of the deed reciting the consideration. The consideration may have been recited at the suggestion of the person who wrote the deed, but this does not militate against its truthfulness. It is not to be presumed that the maker of a warranty deed would willingly permit a consideration to be recited which was greater than that actually paid."

We think the quotation set out above is a correct statement of the law, and that the recital of $8,000 as a consideration in the deed from Hume to Northcutt was prima facie evidence of the fact recited, although the recital was placed in the deed at Northcutt's suggestion. Of course, Hume had the right to show that the consideration expressed in the deed was not the real consideration, but the burden of proof was upon him to show that fact and what the real consideration was. There was proof that the property given by Northcutt to Hume in exchange for the property conveyed by Hume to Northcutt was worth approximately $8,000. At least there was evidence tending to show such value. This evidence was admitted without objection and we think was competent evidence, and tended to show the value placed upon the two properties by the parties at the time of the exchange.

[5-7] The usual rule in a case of this character is that the plaintiff is entitled to recover upon a breach of warranty the price paid, and we think that, where the purchase price is paid in property, the value of the property is admissible. We agree with the contention of the attorneys for the defendant in error that there is no presumption that either party obtained an advantage in the trade. Therefore the evidence as to the value of the property given by either in exchange for the property of the other is admissible in evidence for the purpose of showing the true consideration paid.

The case of White v. Street, cited above, is similar to the case under investigation. In that case White exchanged 160 acres of land owned by him for a house and lot and 63 acres of land owned by one Phillips. The title to the 63 acres failed, and in a suit by White for breach of warranty White testified that the 63 acres was valued at $500. Phillips testified that no value was placed on the separate tracts, but that the property was exchanged without any estimate of the value. In this state of the case, Justice Stayton said:

"Appellant * * * was entitled to recover the value of the 63 acres of land which Phillips conveyed to him by deed of general warranty, and interest upon such sum as was its value at the time of its conveyance. If the parties agreed upon the value at the time the conveyances were made, this may be deemed its true value. If they did not agree upon its value, then it was incumbent upon the plaintiff to show what the value of the 63 acres of land was at the time of the conveyance. It does not follow from this, however, that the plaintiff was not entitled to recover at all unless he showed that the land was then of the value of $500. If he showed that it had any value, or that he paid *any sum for it*, then he was entitled to recover such value or *sum paid with interest*." (Italics ours.)

[8] We think the pleading and the evidence were both sufficient to show that the price paid by Northcutt to Hume for all the land conveyed to him was $8,000.

[9] The next question is more serious. The Court of Civil Appeals held that there was no evidence showing the proportional part of the purchase price which was represented by the part of the land to which the title failed. There was no direct evidence to the effect that the land was all of similar quality or equal value.

We think that there were circumstances in evidence from which the jury might have inferred that the land was all of substantially the same character and value. In granting the writ of error in this case, the Supreme Court referred to the case of Gass v. Sanger, reported in (Civ. App.) 30 S. W. 502. In that case, a writ of error was refused by the Supreme Court, and we have examined the original application for writ of error and the papers accompanying it. We find from this examination that in the case of Gass v. Sanger there was no evidence as to the value of the particular portion of the tract of land conveyed to which the title had failed, except matters incidentally shown in trying the question of boundary, which was also involved in that case. In that case, as in this, two tracts of land had been conveyed in the same deed reciting a gross consideration for both, and the only evidence which tended to show that all the lands conveyed were similar in quality and of equal value was the testimony introduced on the boundary issue showing that the land was situated in an open prairie country and that on account of a lack of land marks a confusion in the boundaries had resulted. Under that state of the case, Judge Stephens held that—

It was "a legitimate inference from the entire statement of facts that this land was situated in an open prairie country, where it was all so much alike that confusion and conflict of boundaries resulted, and that the land was therefore of the same general character, and presumably, in the absence of proof to the contrary, the value of each acre was its pro rata part of the entire contract price."

We have examined the statement of facts in this case, and believe that the evidence is fully as strong as in the case referred to; and, the Supreme Court having granted a writ of error and in the notation granting the writ referred to the case of Gass v. Sanger, we assume that the Supreme Court approved the decision in that case.

The undisputed evidence in this case shows that plaintiff Northcutt was entitled to recover something. There seems to be no doubt that the title to a portion of the tract of land purchased by him failed and the only thing left uncertain was the exact amount of the recovery. Upon the authority of the case of Gass v. Sanger, supra, in which case a writ of error was denied, we recommend that the judgment of the trial court and the Court of Civil Appeals be reversed, and this case remanded for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes