ALLEN et al. v. DRAPER et al.
(No. 460–3246.)

(Commission of Appeals of Texas, Section A. Dec. 12, 1923.)

Covenants ☜130(5)—Measure of damages on partial failure of title stated.

Where there is a partial failure of title, and of a definite part of one or more of the surveys conveyed, the damages will bear the same proportion to the whole purchase money as the value of the part to which the title fails bears to the whole premises estimated at the price paid.

On motion for rehearing. Cause remanded, with directions.

For former opinion, see 254 S. W. 783.

GERMAN, P. J. On October 10, 1923, judgment was rendered in this cause in favor of B. R. Allen et al. against J. J. Draper et al. for 126⅝ acres of land, being the amount of conflict between survey 207 and survey 162. 254 S. W. 783. In the motion for rehearing filed by J. J. Draper et al. they call attention to the fact that in the trial court they interpleaded C. S. Fowler, R. L. Ball, executor of the estate of B. L. Naylor, deceased, F. G. Hugo, and Francis Smith, who were required to defend upon their warranty. We are now requested to render judgment in favor of the Drapers and against Fowler and the other parties for the value of the 126⅝ acres of land.

In reply to this request Fowler and the other parties request that we reverse and remand the case as to them in order that the trial court may not only determine the value of the conflict, but the exact acreage thereof, as they claim the question as to the amount of the conflict between survey 207 and survey 162, has not been determined. In oral argument before this court it was stated that all questions of fact had been disposed of, and that only questions of law were left

for determination. In the statement of facts prepared by the trial court there is found the following statement as to the agreement by the parties:

"At the conclusion of the testimony both parties in open court admitted to the court for the ,purpose of getting the issues in this case clearly before the court that there was no issue or issues of fact in the case to be submitted to the jury that had been impaneled herein as a jury to try the issues of fact in this case, and that the only issues or issue in the case was one purely of law to be decided by the court."

Counsel admit the making of this agreement, but seek to limit its effect by stating that it was intended to apply to the questions of limitations, and was merely for the purpose of getting a decision on the law questions from the trial court and higher court on appeal. We did not so understand the agreement at the time of oral argument, and it also appears that the Court of Civil Appeals did not so understand it, but at the time the opinion was prepared, and at this time, we think the agreement was intended to apply to the question of the extent of the conflict as well as other issues of fact, and that the main purpose of the agreement was to have the case in such shape that the Court of Civil Appeals or the Supreme Court could settle all questions and terminate the litigation. Taking the agreement in the light of all the circumstances, we think it is clear that this was its purpose, and that the conflict between surveys 162 and 207 was definitely fixed at 126⅜ acres.

However, we do not find in the record evidence as to the value of this 126⅜ acres of land as compared to the value of all the other lands conveyed, estimated at the price paid. In their cross-action the Drapers alleged the purchase of 25,572.55 acres of land, including the 126⅜ acres, for a total consideration of $134,334.60. The rule is that where there is a partial failure of title and of a definite part of one or more of the surveys conveyed, the damages will bear the same proportion to the whole purchase money as the value of the part to which the title fails bears to the whole premises estimated at the price paid. Hynes v. Packard, 92 Tex. 49, 45 S. W. 562.

We recommend that as to the cross-action of J. J. Draper and others against C. S. Fowler, F. G. Hugo, Francis Smith, and R. L. Ball, executor of the estate of B. L. Naylor, judgment be rendered that the parties plaintiff in said cross-action recover of the parties defendant in said cross-action upon their warranty the value of the 126⅜ acres of land heretofore awarded to B. R. Allen et al., and that the cause be remanded to the trial court for the purpose of ascertaining the value of said 126⅜ acres, in accordance with the rule above stated, and for this purpose only.