### FAULL v. CITY OF DALLAS et al.
### No. 3438.

Court of Civil Appeals of Texas. El Paso.
Oct. 29, 1936.

Rehearing Denied Nov. 12, 1936.

Whitehurst & Whitehurst, of Dallas, for appellant.

S. W. Marshall and Herbert H. Whisenant, both of Dallas, for appellees.

WALTHALL, Justice.

The City of Dallas, Tex., brought this suit against the Republic National Bank & Trust Company and E. J. Faull on a certificate of special assessment issued by the City of Dallas, acting in pursuance of articles 1201 to 1220, inclusive, as amended (Vernon's Ann.Civ.St. art. 1201 et seq.), relating to the opening, widening, and straightening of highways or streets, and assessing the costs against the property specially benefited, and by virtue of the Charter of the City of Dallas, and amendment thereto, passed on August 22, 1930, empowering the City of Dallas to appropriate private property for such purpose whenever the governing body of the city deems it necessary, and levying an assessment in the sum of $475 against the property involved here, and described as 50x129.96 feet, west side Akard street, 100 feet north of Beaumont street, block B//907, which property, it was alleged, was owned at that time by defendant Republic National Bank & Trust Company, and that since the effective date of said assessment said property has been acquired by defendant Faull, who holds title to said property subject to the lien of the City of Dallas.

The City of Dallas prayed for judgment against both defendants for the amount of said special assessment with interest and a foreclosure of the lien on the said property and a reasonable attorney's fee, and reliefs general and special.

Defendant Faull answered plaintiff's suit by general demurrer and general denial, and by cross-action against the Republic National Bank & Trust Company alleged that he purchased said property from his codefendant by warranty deed, and pleaded the covenant in the deed against assessments and liens outstanding and existing against said property, of which he had no knowledge; stating the amounts, and which amounts he was compelled to pay; and stated the amount of taxes and the assessment liens of the City of Dallas and asked for judgment for said amounts over against his codefendant.

The Republic National Bank & Trust Company answered the plaintiff's suit by general demurrer and general denial; and as to Faull's cross-action it specially pleaded that on the 1st day of April, 1932, it conveyed by special warranty deed the property involved to E. J. Faull, as a deed of gift, that is, that although the deed recites $10 paid and acknowledged as received, there was no consideration of any kind ever paid or received by it for said conveyance; that prior to the conveyance to Faull, Faull was served with notice by the City of Dallas of the assessment, and that at the time of the conveyance Faull had notice and knew that the assessments constituted first and prior liens against the property, and with full knowledge accepted the deed to said property; that on the date of the conveyance by the bank to Faull, Faull had a valid lien against said property which was then delinquent, and to save the expense of foreclosure the property was conveyed to Faull without consideration. Defendant bank prayed that Faull be denied relief on his cross-action and that the City of Dallas be required to collect its debt out of the property before proceeding against it.

The case was tried to the court without a jury. The court heard the evidence and rendered judgment in favor of the City of Dallas for $647.37 against the bank, with interest from date, and with foreclosure of the assessment lien against both defendants, with a deficiency judgment against the defendant bank; that Faull recover nothing against the bank on his cross-action; and taxed the cost one-half against each defendant.

E. J. Faull alone prosecutes this appeal.

Opinion.

Neither in the trial court nor in this court does appellant Faull make any defense against the suit of the City of Dallas. Appellant's entire recovery in the trial court is based upon his cross-action against the Republic National Bank & Trust Company, and on the theory that his cause of action was one of breach of warranty against incumbrances on the property involved in the suit at the time of its conveyance to him and imposed upon the deed

in question by articles 1297 and 1298 of the Revised Civil Statutes. The defense of the Republic National Bank & Trust Company against appellant's cross-action is based entirely on the theory expressed in the cross-action, that is, its liability to appellant on its covenant of warranty for the incumbrances on the property alleged at the time of the conveyance.

Appellant offered no evidence other than that deemed necessary to support a cause of action based upon a breach of covenant in the deed against incumbrances.

■ We concur in the bank's counter proposition that on appeal litigants are restricted to the theory on which the case was tried in the lower court. 3 Tex. Jurisprudence, p. 168, and the many cases there referred to under paragraph 111.

The unquestioned evidence in the case is that appellant paid nothing for the land involved here, and conveyed to him in the deed. In answer to the question: "Tell the court what amount of money did you pay the Bank or anyone else for that deed?" Faull replied: "I didn't pay any money, only just the recording fees, I guess, was all."

The deed conveying the property from the defendant bank to Faull used the term "grant, sell and convey," and in the habendum part of the deed provides that "it does hereby bind itself, its successors and assigns to warrant and forever defend all and singular the said premises unto the said E. J. Faull, his heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, by, through and under it, but not otherwise."

Article 1298 of the Revised Civil Statutes, referring to the second paragraph of the preceding article of the statute, provides: "The term 'incumbrances' includes taxes, assessments and all liens upon real property."

The question to be decided here is whether under the pleading in Faull's cross-action and the circumstances shown by the record, the taxes and the special assessment paid by Faull, prior to the deed, are properly chargeable against the bank under its deed.

The record shows that the taxes paid by Faull, and the special assessment discharged by Faull, aggregating the sum of $530.55, and for which Faull sues, were proper charges against the property, under the alleged breach of warranty of title. The deed contained no restriction against incumbrances.

There is no suggestion here that the title to the property conveyed, or any part of it, failed by reason of the unpaid taxes, or the special assessment made against the land.

■ A covenant against liens and incumbrances is intended to protect the grantee against rights or interests of third persons which diminish the value of the estate conveyed, a covenant of indemnity, an engagement that the title conveyed is unincumbered. It is the legal duty of the grantor under his warranty deed to discharge all liens and incumbrances which constitute a charge against the land. The relief of the grantee for failure of the grantor to discharge liens and incumbrances is an action at law to recover damages for the breach of the covenant, as was done here. In order that a recovery may be had, Faull's cross-action petition and the evidence should show the price paid for the property, Northcutt v. Hume (Tex. Com.App.) 212 S.W. 157, 159, as the damages that may be recovered on the breach of the warranty is limited to the amount of the purchase money paid and interest. Taylor et ux. v. Lane, et al., 18 Tex.Civ.App. 545, 45 S.W. 317; Allen v. Draper (Tex.Com.App.) 256 S.W. 255. In 15 C.J. 1327, par. 232, the general rule is stated to be: In an action for breach of covenant against incumbrances where the incumbrance has been obtained or removed by purchase, plaintiff is entitled to recover the amount which he fairly and reasonably paid for that purpose with interest, and according to some authorities, with compensation for his trouble and expense, "provided, however, that such amounts do not exceed amount paid by him to the covenantor."

Our Supreme Court in Glenn v. Mathews, 44 Tex. 400, said: "Damages on breach of warranty are ordinarily the purchase-money and interest which may be shown by other evidence than the recitals in the deed."

The judgment of the lower court is affirmed.