### TINDLE v. ELMS et ux.

### No. 4786.

Court of Civil Appeals of Texas. Amarillo.

July 10, 1937.

Bean & Bean, of Lubbock, for appellant.

E. A. Bills and T. Wade Potter, both of Littlefield, for appellees.

JACKSON, Chief Justice.

The appellant instituted this suit in the district court of Lamb county to recover of and from appellees damages for the alleged breach of the implied covenants against incumbrances contained in a deed by which appellees conveyed to appellant Labor 20, in League 658, Lamb county, Tex.

The appellees urged and the court sustained a general demurrer to appellant's petition; he refused to amend, the case was dismissed at his cost, and of this action of the court complaint is made.

The appellant alleged that about April 1, 1933, the appellees conveyed to him by their proper warranty deed Labor No. 20, League No. 658, in Lamb county, Tex., containing 177.1 acres of land "for a recited consideration of $10.00, receipt of which was acknowledged, and a further consideration of the assumption of one-half of a $6,000.00 note in favor of Temple Trust Company of Temple, Texas"; that the appellees "granted, sold and conveyed, and by such presents did grant, sell and convey" unto appellant said labor of land, and by the use of said words in the deed, covenanted with appellant that there was no incumbrance against said labor save and except the $3,000, the payment of which he assumed, when, in fact, Labor No. 20, together with Labor No. 16 in said league, were covered by a blanket mortgage held by the Ohio National Life Insurance Company to secure the payment of an indebtedness amounting to $6,000, evidenced by a promissory note of date May 28, 1934, bearing interest from date at the rate of 6 per cent. per annum; that said note held by said life insurance company and secured by the blanket lien was due March 1, 1936, provided for interest at the rate of 6 per cent. per annum due and payable annually on March 1st each year and contained a stipulation that failure to pay any annual installment of interest thereon should at the option of the holder mature the note, and stipulated for 10 per cent. attorneys' fees on the principal and accrued interest; that had the incumbrance been but $3,000 with interest as stipulated in the deed on Labor 20, appellant would have been able to obtain a loan from the Federal Land Bank upon said labor in a sum sufficient to take up, renew, and extend the amount he had assumed, but because of the blanket lien on the two labors to secure the $6,000 instead of a lien on Labor 20 to secure the $3,000, he was unable to obtain such loan, was not able to meet the installments of interest upon the $6,000, and unable to secure any extension or renewal thereof, and by reason of default the entire principal and interest were declared due by the Ohio National Life Insurance Company on March 11, 1935, and suit filed in the district court of Bell county against appellant and appellees to recover of them and others named the entire debt and to foreclose their blanket lien against Labors Nos. 16 and 20; that appellant had no defense to the suit since the indebtedness was just and due and secured by valid and subsisting liens upon said two labors of land; that the suit was prosecuted to judgment, the land regularly sold at sheriff's sale and purchased by the Ohio National Life Insurance Company on the 3d day of September, 1935; that appellant was not financially able to purchase the land at the sale because of the amount of the debt and lost all right, title, and interest in and to his said labor by virtue of such valid sale.

That at the time the property was conveyed to him and at the time it was sold at sheriff's sale, Labor No. 20 was of the reasonable market value in Lamb county of $35 per acre, or a total of $6,198.50; that because the indebtedness against the land was $6,000 instead of the $3,000 which he had assumed, he suffered damage in the sum of $3,198.50, the value of the land at the time of its purchase and at the time of the sale under the order of sale, less the amount of the indebtedness of $3,000

which he had promised to pay; that his loss was occasioned by the breach by appellees of their covenant against incumbrances contained in their conveyance of the land to him.

Appellees maintain that the court correctly sustained their general demurrer because appellant failed to allege that he paid any consideration for the land or that he would have lost it if he had paid the $3,000 he assumed; his petition showed he was in default and he failed to allege the proper measure of damages.

■ Texas has adopted the majority rule which is that the measure of damages for a breach of warranty is the consideration paid by the warrantee valued in money with interest thereon. Northcutt v. Hume (Tex.Com.App.) 212 S.W. 157. ·

"Where the breach resulting from an encumbrance amounts to a failure of title, the measure of damages is the consideration money and interest, and costs of the eviction suit, in accordance with the general rule of damages for breach of covenants of title." 15 C.J. page 1328, par. 233.

In Faull v. City of Dallas (Tex.Civ.App.) 97 S.W.(2d) 1031, 1033 (writ dismissed), the court says: "The relief of the grantee for failure of the grantor to discharge liens and incumbrances is an action at law to recover damages for the breach of the covenant, as was done here. In order that a recovery may be had, Faull's cross-action petition ·and the evidence should show the price paid for ·the property, Northcutt v. Hume (Tex.Com.App.) 212 S.W. 157, 159, as the damages that may be recovered on the breach of the warranty is limited to the amount of the purchase money paid and interest. Taylor et ux. v. Lane et al., 18 Tex.Civ.App. 545, 45 S.W. 317; Allen v. Draper (Tex.Com.App.) 256 S.W. 255."

In McClendon v. Federal Mortgage Co. et al. (Tex.Civ.App.) 60 S.W.(2d) 324, 326 (Writ Ref.), the court states: "The rule is well established in this state that, while the vendor's covenants of warranty are breached by the existence, at the time of the delivery to his vendee of his deed containing the same, of an outstanding incumbrance, such vendee can recover in a suit thereon nominal damages only, unless he has already paid or discharged such incumbrance, in which event the measure of his recovery would be the amount paid to discharge the same and secure the release thereof. Woodward v. Harlin [121 Tex. 46], 39

S.W.(2d) 9 [41 S.W.(2d) 204] et seq., and authorities there cited; Thomas v. Ellison, 102 Tex. 354, 356, 357, 116 S.W. 1141."

■ These authorities, we think, are conclusive against appellant's recovery as damages of all or any part of the $3,198.50, which, together with the amount he assumed and promised to pay, he alleges was the value of the land at the time of his purchase and at the time of the sheriff's sale. The appellant having failed to allege the proper measure of damages or to plead facts from which they could be ascertained, the court correctly sustained the demurrer.

Appellant contends that should it be determined that he had failed to allege a proper measure of damages or facts from which the court could ascertain such measure, that nevertheless he was entitled to recover nominal damages for the breach, for which reason the general demurrer should not have been sustained.

■ In Western Union Telegraph Co. v. Arnold, 97 Tex. 365, 77 S.W. 249, 79 S.W. 8, Judge Williams of the Supreme Court held in effect that if the sustaining of demurrers to a petition reduced the sum therein sought to be recovered to an amount below the jurisdiction of the court that the suit should be dismissed.

In C. B. Carswell & Co., Appellants, v. Habberzettle, Appellee, reported in 99 Tex. 1, 86 S.W. 738, 740, 122 Am.St.Rep. 597, the appellants sought to recover in the county court on a covenant of warranty against incumbrances certain taxes, interest, and penalty. The taxes sued for amounted to $192.09, and in order to bring the amount within the jurisdiction of the court, interest and penalty were added thereto. The appellee challenged the jurisdiction of the court, and in answer to a certified question, Chief Justice Gaines said: "It is now the settled law in this court that, although the amount claimed in the petition may be sufficient to give the court jurisdiction of the case, yet, if the facts alleged be such as to show no cause of action as to such part of the whole sum sued for as to reduce it below the amount for which the court has jurisdiction, the suit should be dismissed. Western Union Tel. Co. v. Arnold [97 Tex. 365, 77 S.W. 249] 79 S.W. 8, 9 Tex.Court Rep. 343."

The court held in above case, however, that interest and penalty on the taxes were covered by the warranty against incumbrances, and hence the county court had jurisdiction.

In Patrick et al. v. Laprelle (Tex.Civ. App.) 40 S.W. 552 (Writ Ref. [Tex.Civ. App.] 37 S.W. 872), it is held that the county court has jurisdiction where the cause of action is based on a breach of warranty if the amount sued for is within its jurisdiction.

■ It is obvious from appellant's petition that no title to or interest in land was involved. After the elimination by the demurrer of appellant's damages based on his allegations as to the value of the land, we apprehend that it will not be contended that the amount appellant was entitled to recover under his pleading is within the jurisdiction of the district court; therefore, the judgment is affirmed.