Gene ASHBY and the State of Texas, Appellants,

v.

R. A. RINGSTAFF et ux., et al., Appellees.

No. 11802.

Court of Civil Appeals of Texas, Austin.

March 10, 1971.

Rehearing Denied March 31, 1971.

located in Travis County, Texas. One section was designated Southern Pacific Railway Survey No. 2, the other, Southern Pacific Railway Survey No. 4. They are contiguous sections having a common boundary line. John E. Campbell originally surveyed both tracts in 1869, certified field notes having been placed in the record.

Prior to 1939 both sections except the S.W. one-fourth of No. 4 and the S.E. one-fourth of No. 2 had been severed from the public domain and sold. In November, 1939 the General Land Office advertised these two quarter sections for sale.

Bids were submitted by the Appellees for the S.W. one-fourth of No. 4 and by Appellant's predecessor in title, Woodul, for the S.E. one-fourth of No. 2. Pursuant to these bids, land awards were made to both the Appellees and the Appellant's predecessor in title Woodul in January, 1940. Both awards recite that the date of sale is January 3, 1940. Both quarter sections were sold in reliance on the original survey made by Campbell in 1869 that being the only survey available at the time of the sale and both quarter sections were "short" in that neither contained 160 acres.

This dispute arose out of the determining of the proper location of the boundary line between the two quarter sections which involved the title to the abovementioned 32.58 acres.

The trial court rendered judgment for the Appellees Ringstaffs granting them title and possession of the 32.58 acres sued for. In addition, the trial court granted Appellant Ashby judgment for $248 against the State of Texas.

The judgment of the trial court is reversed and judgment here rendered for Appellant. Judgment against the State of Texas is also reversed and rendered.

Johnson, Jones & Sheppard, Samuel D. McDaniel, Austin, Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Houghton Brownlee, Jr., Harold G. Kennedy, Asst. Attys. Gen., Austin, for appellants.

Brown, Erwin, Maroney & Barber, Charlie D. Dye, Will G. Barber, Austin, for appellees.

PHILLIPS, Chief Justice.

This is a suit in trespass to try title brought by the Ringstaffs, Appellees here, against Gene Ashby, the Appellant. The State of Texas was brought in by Appellant Ashby as a third party defendant. The dispute involves the record title to 32.58 acres of land in Travis County in which both Appellant and Appellees claim title from the State.

The two tracts of land involved in this suit were originally public free school lands

I.

The principal question to be decided here is whether Appellees' patent to this S.W. one-fourth of No. 4 issued by the

General Land Office and based on a survey made by Appellees in 1947 (in which survey discrepancies were found in the boundary line of the original survey made by Campbell in 1869) which later survey included lands not included in Campbell's original survey could divest the Appellant Ashby of property rights which he had already obtained as a result of the Land Office award to him of the S.E. one-fourth of No. 2 based upon the 1869 survey of John Campbell. To put the question in another way, can the Land Office having sold two tracts of land at the same time to two different parties, describing the land according to a survey made in 1869, later patent the land to one of the parties basing the patent on a survey made by that party, which survey moves the boundary of the 1869 survey thus divesting one party of acreage and granting it to the patentee having made the new survey? We hold that the Land Office cannot redivide the land on the basis of the later survey even though evidence at the trial discloses that the original boundary line in question was in error. Thus we sustain Appellant Ashby's first five points of error [1] set out in the footnote.

Appellees maintain that the original boundary line between the tracts set out in the Campbell survey of 1869 has been shown to have been erroneous, that there was an overlapping of Section 2 with Section 4 which overlapping included the acreage in question and thus by having patented the correct field notes in 1947 and by the Land Office having accepted payment for all of the acreage claimed by Appellees, the Land Office was in fact, apportioning the property as it actually lay on the ground thus divesting Appellant of the acreage originally thought to have been in Section 2 on the subsequent belief that it actually lay in Section 4.

We cannot agree with this contention. It is undisputed that the boundary line between tract No. 2 and tract No. 4 as surveyed by Campbell in 1869 can be followed on the ground. In its finding of fact No. 12 the trial court concluded that the original survey probably showed the land in dispute to be in the S.E. one-fourth of S. P. Ry. No. 2 just as contended by Appellants. Further, the testimony of Marlton O. Metcalf, the County Surveyor of Travis County, the only witness who testified to the proper location of the line between No. 2 and No. 4 as it lay on the ground and as run by Campbell in 1869, was that the line run by Campbell could be rerun today and that he, Metcalf, had run it

1. "POINT OF ERROR NO. 1: The Trial Court erred in refusing judgment for the Defendant Ashby because Plaintiff Ringstaff totally failed to prove that the 32.58 acres in dispute lay within the Southwest ¼th of the Southern Pacific Railway Survey No. 4, as same was surveyed on February 7, 1869, by original surveyor John E. Campbell, and as same was sold to M. E. Ringstaff by land award on January 3, 1940; POINT OF ERROR NO. 2: The Trial Court erred by not awarding title to the 32.58 acres in dispute in this cause to Defendant Ashby, when the evidence conclusively shows, and the Trial Court found, that said 32.58 acres was within the quarter section of land sold to Defendant Ashby's predecessor in title, Woodul, on January 3, 1940; POINT OF ERROR NO. 3: The Trial Court erred in holding that Plaintiff Ringstaff's patent (deed), issued in 1948, is superior title to Defendant Ashby's valid land award (contract of sale), issued in 1940, where both are out of the same grantor (State of Texas) and both contain the 32.58 acres in dispute when located on the ground; POINT OF ERROR NO. 4: The Trial Court erred in granting judgment to Plaintiff Ringstaff based on a holding that the mere ministerial act of issuing a patent in 1948 was superior to a valid prior land award, even though the survey on which the patent was based went outside the original survey it was supposed to subdivide and even though the area in dispute had, prior to the erroneous survey, been sold by the State to Defendant Ashby and POINT OF ERROR NO. 5: The Trial Court erred in not rendering judgment ordering the Commissioner of the General Land Office to reform the patent issued to the Ringstaffs so as to exclude therefrom lands within the Southern Pacific Railway Survey No. 2 in Travis County, Texas."

and that the area in dispute was in the original survey of tract No. 2.

■ Nor do we believe that the fact that the Land Office accepted payment for more acreage from Appellees than it did for Appellant to be decisive. The Land Commissioner has no power to adjudicate between rival claimants whose titles have become fixed. Barnes v. Williams, 102 Tex. 444, 119 S.W. 89 (1909).

The facts of Atlantic Refining Company v. Noel, 443 S.W.2d 35 (Tex.Sup.1969) are somewhat similar to the case at bar and the law applied there is applicable to the case at bar. There the Court stated:

"When Johnston and Smith (The original applicants, sic) obtained their respective awards for Sections 26 and 10, each for 640 acres, those lands had been segregated from the public domain. At that time Johnston and Smith had rights which would support a legal action including a suit for trespass to try title. * * *

The survey, location, and return followed by the awards based upon those acts vested legal rights in Johnston and Smith. * * * *"

By the same token, the survey and location of the S. P. No. 2 and the S. P. No. 4, and the return of the field notes thereon, followed by the land awards in 1940 to Appellees' and to Appellant's predecessor in title, Woodul, vested legal rights in the awardees. That right, as in *Noel* was to have the land contained in the original survey upon which the awards were based. Thus Appellees were entitled to have the S.W. one-fourth of S. P. No. 4 properly located upon the ground in accordance with the 1869 Survey of Campbell, and Appellant, through his predecessor in title, Woodul, was entitled to have the S.E. one-fourth of the S. P. No. 2 as properly located upon the ground in accordance with Campbell's original survey.

The Court in *Noel* held that the issuance of a patent is a mere ministerial act and that its issuance does not defeat legal rights which are vested. That the rights of the parties are determined by the priority of valid location, not by the mere issuance of a patent. A survey under a valid location, although unpatented, will prevail over a patent issued under a location subsequently made upon the same land. The Court further held that the Land Commissioner is not possessed of power to divest title nor to enlarge titles to lands by the ordering and acceptance of resurveys. That it has been the consistent holding of the Supreme Court that the acceptance of a resurvey cannot authorize the inclusion of lands not included in the original survey.

Nor, as contended by Appellees, is Allen v. Draper, 254 S.W. 783, mod. 256 S.W. 255 (Tex.Comm.App.A, 1923) in point here. In *Allen*, the Land Commissioner accepted a resurvey and apportioned lands in accordance therewith. The Court held this to be proper under the facts, and that subsequent sales under the older and original survey would have to give way to the resurvey. This case merely states that the Land Commissioner can sell the land he authorized to sell and describe it as he sees fit; and further, that the first sale would convey whatever is described under whatever survey is used to describe it.

II.

■ We also sustain Appellant's points numbers 6 and 7. Point No. 6 is that the court erred in its Conclusion of Law No. 4 because Article 5329, Sec. 4, Vernon's Ann. Civ.St. has no application to this case. Point No. 7 is the error of the Court in sustaining Appellees' objection that Appellant Ashby's assertion of title to the disputed 32.58 acres under his valid land award of January, 1940, was a collateral attack on the Ringstaff patent precluded by Article 5329, Sec. 4 R.C.S.

In its Conclusion of Law No. 4 the court found that "since defendant Ashby did not institute suit in a court of competent jurisdiction or otherwise question the sale and ultimate issuance of the patent to plaintiff

M. E. Ringstaff within the time prescribed by Art. 5329, Sec. 4, Tex.Rev.Civ.Stats., defendant Ashby is barred from questioning such sale and the issuance of the patent to plaintiff M. E. Ringstaff."

Article 5329, Section 4 applies to procedural defects and not to substantive rights which have accrued prior to the date of sale, McCombs v. McKaughan, 195 S.W.2d 194 (Tex.Civ.App.1946, writ ref.). Also see 29 T.L.R. 829.

### III.

Due to the position we have taken in this case, we sustain that portion of the appeal of the State of Texas asking that the judgment of the trial court granting judgment in the sum of $248.00 to Appellant-Ashby against the State of Texas be reversed and judgment rendered that Appellant-Ashby take nothing from the State, and it is so ordered.

The judgment of the trial court is reversed as above indicated and here rendered.

Reversed and remanded.