## C. W. TAYLOR ET AL. v. C. C. LANE ET AL.

Delivered March 19, 1898.

**1. Deed—Covenant of Warranty.**

Covenants of warranty of title to land are continuous and run with the land.

**2. Same—Covenant Against Incumbrances.**

A covenant against incumbrances is embraced in the general warranty clause in a deed, and runs with the land, under article 633, of the Revised Statutes, providing in effect that the word "grant" or "convey" in a conveyance of land is an implied covenant, unless restricted by express terms in the conveyance, that the grantor has not conveyed title to any other person, and that it is free from incumbrances.

**3. Covenants of Warranty—Sale Divests Right Upon.**

A grantee in a warranty deed subject to a mortgage executed by her immediate grantor loses her remedy on the covenants of warranty in a chain of title preceding that of her immediate grantor by suffering the premises to be sold under foreclosure of the mortgage, as the right of action upon such covenants passes to the purchaser at the foreclosure.

APPEAL from Dallas. Tried below before Hon. A. J. BALL, Special Judge.

*R. E. Bumpas* and *R. E. Capers*, for appellant.

*Richard Morgan*, for appellees.

RAINEY, ASSOCIATE JUSTICE.—The assignments of error relate to the action of the court in sustaining general and special exceptions to plaintiffs' petition.

The action is brought to recover on a breach of the covenant of general warranty in deeds of conveyance to certain land. The effect of the allegations in the petition is that the land was originally owned by one Eakins, who executed a deed of trust upon same. Eakins died, and the land by his will vested in his wife, Ophelia Eakins. She conveyed to Lane. Lane conveyed to Hughes and wife; they conveyed to Davis; Davis conveyed to Brown, and Brown conveyed back to Davis in consideration of $1500 cash and his note for $1000. Davis and wife conveyed to Annie Taylor, appellant, in consideration of $1700 cash, and the assumption of the $1000 note executed by Davis to Brown. All of said deeds contain a covenant of general warranty. The $1000 note was transferred by Brown to the Security Mortgage and Trust Company, which in a suit against appellant recovered a judgment for same and foreclosed the lien on the land here in suit; had same sold thereunder; took possession of same, and is now holding possession thereof to the exclusion of appellant.

That the trust deed executed by said Elkins was a valid and subsisting lien upon the land when same was conveyed to Lane; that appelants were not able at the time of their purchase, or subsequent thereto, to pay off said incumbrance or their pro rata part of same; and that since their purchase of said property the same was sold under said trust deed and purchased by W. H. Daugherty, whereby a good, valid, and subsisting title was vested in him, which was superior to appellants' title, etc. It was further alleged that the sale under the deed of trust was made after the purchase by appellants; that when appellant Annie Taylor purchased she knew nothing of said incumbrance—Davis having furnished her with an abstract of title showing a clear title. The prayer is for the recovery of $1500 against Brown, being the amount of cash paid him by Davis, and against the other defendants for the amount respectively received by them in each of said respective transfers, which amounts were duly set forth in the petition. The original petition is not in the record. The amended petition only complains of W. H. Brown, G. V. Hughes, and

C. C. Lane. The judgment recites that plaintiffs dismissed as to Davis and Nance.

We think that the controlling point at issue is, whether Mrs. Taylor is in an attitude to recover for breach of warranty, the title to the land under which she claimed having passed out of her by virtue of its sale under foreclosure proceedings and vested in the Security Mortgage and Trust Company.

It is well settled that the covenants of warranty of title to land are continuous, and are covenants that run with the land. Franklin v. Neal, 67 Texas, 629.

Under our statute the word "grant" or "convey" in a conveyance of land is an implied covenant, unless restricted by express terms in the conveyance, that the grantor has not conveyed title to any other person, and that it is free from incumbrances. "Such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance." Rev. Stats., art. 633. By this it will be noted that the covenant in relation to incumbrances is placed upon the same plane with the covenant for title; and whatever may have been the rule at common law as to the covenant of incumbrances being embraced in the general warranty clause, we think it clear that under our statute it is so embraced, and is a covenant that runs with the land. The execution of a deed without warranty conveys all the right of the grantor in the land, and carries with it the implied covenant as to incumbrances. In the case of Franklin v. Neal, supra, in discussing this question, Justice Gaines uses the following language:

"It is not to be disputed that a deed without warranty may convey all the right, title, and interest of the grantor existing at the time of its execution as fully as one with warranty. DeChaumont v. Forsythe, 2 Penn., 507. The effect of the covenant is merely to pass by its own vigor any title subsequently acquired by the covenantor himself, and to bind him to pay the covenantee, his heirs and assigns, in case the title fails, damages to the amount of the purchase money and interest. It adds nothing to the deed in so far as it operates as a conveyance of the existing right, and hence no reason is seen why it should be deemed necessary in order to transfer such former covenants as ran with the land.

"But we are not without authority upon the question. In Beddoe's Executor v. Wadsworth, 21 Wendell, 120, it is expressly decided that a quitclaim deed assigns to the grantee the covenants of warranty in the chain of title under which the grantor claims. Brady v. Spruck, 27 Illinois, 478, is cited in support of the same proposition, but that volume is not accessible to us at this time. See Martindale on Conv., sec. 57. That such is the law as to sheriff's deeds has been repeatedly held by courts of high authority. Carter v. Denman, 3 Zab., 270; McCrady v. Brisbane, 1 Nott & McC., 104; Lewis v. Cook, 13 Ired. (Law), 196; Markland v. Crump, 1 Dev. & Bat., 94; Town v Needham, 3 Paige, 546; Redwine v. Brown, 10 Ga., 320."

Being a covenant that runs with the land, all the rights of Mrs. Taylor to recover for breach of same were transferred to and vested in the Security Mortgage and Trust Company by virtue of the sale to it under the foreclosure proceedings, and said company had the right to sue to recover for a breach of the warranty. This right can not exist against a prior warrantor in both an intermediate warrantor and last warrantee at one and the same time. Justice Brown, in Eustis v. Fosdick, 88 Texas, 615, said: "We have found some cases in which the court has loosely said that an intermediate warrantor may maintain an action against his immediate warrantor, when he has been sued and judgment entered against him in favor of the last warrantee in the chain of title. But we have found no case in which a recovery has been permitted where the intermediate warrantor was permitted to recover against a prior warrantor, until he had satisfied or procured a release from the person to whom he had conveyed, and who had a right of action upon the warranty."

Mrs. Taylor lost her remedy to recover upon the covenant of warranty when she permitted the land to be sold under the foreclosure proceedings. Not being able, as alleged, to lift the incumbrance placed thereon by Eakins, though resulting in a great hardship to her, does not alter the legal phase of the case.

Her remedy on the covenant of warranty having passed to the Security Mortgage and Trust Company, she was remitted to her remedy against Davis for the fraud perpetrated by him in deceiving her about the title. Her petition shows no cause of action, and there was no error in sustaining the demurrers.

The judgment is affirmed.

*Affirmed.*