### E. ROTAN v. T. D. HAYS ET AL.

Decided November 11, 1903.

**Implied Warranty—Special Warranty.**

The warranty against incumbrances (a lien for taxes) implied, by force of the statute (Rev. Stats., art. 633), from the use of the words "grant" or "convey" in a deed, is not restricted by the insertion of a clause by which the grantor binds his heirs, executors and administrators to warrant and defend against every person claiming by or through him.

Error from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

Rotan appeals from a judgment over against him as warrantor, by Hays, in a suit by the city of Waco against Curtis and others to foreclose a tax lien.

*Sleeper & Kendall,* for plaintiff in error.

*Clark & Bolinger,* for defendants in error.

KEY, ASSOCIATE JUSTICE.—This suit was instituted by the city of Waco to recover certain taxes due upon certain real estate. The original defendants, Chas. S. and S. D. Curtis, impleaded T. D. Hays and E. Rotan upon covenants contained in deeds of warranty executed by the latter. Hays pleaded over against his codefendant Rotan, alleging that the latter in conveying the property to him had warranted the title as against prior incumbrances.

The defendant Rotan denied the existence of such covenant of warranty. The trial resulted in a judgment in favor of the plaintiff against S. D. and Chas. S. Curtis, foreclosing the tax lien, and over against Hays in favor of the Curtises, and over against Rotan in favor of Hays, and Rotan has appealed.

The appeal involves but one question, and that is the liability of Rotan on a deed executed by him, which contained no general covenant of warranty, but contained these clauses: "Have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said T. D. Hays. * * * And I hereby bind my heirs, executors and administrators to warrant and defend all and singular the premises unto the said T. D. Hays' heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof by or through me."

By force of statute law in this State, any conveyeance using the words "grant or convey" carries with it an implied warranty that the estate conveyed is, at the time of the execution of such conveyance, free from incumbrances, unless restrained by express terms contained in such conveyance. Batts' Civ. Stats., art. 633; Taylor v. Lane, 45 S. W. Rep., 317.

It is argued on behalf of plaintiff in error that the special warranty

clause in the conveyance under consideration restricts the implied warranty which otherwise would exist against the prior incumbrances shown by the testimony in this case. This argument is not regarded as sound, because the special warranty referred to does not purport to bind the grantor himself, but only his heirs, executors and administrators. The statute seems to have been carefully prepared, and it declares that the implied warranty shall exist, unless restrained by express terms contained in such conveyance. As to Rotan himself, we find no such express terms in the deed; and therefore hold that he is bound by the implied warranties referred to in the statute.

*Affirmed.*