ACCEPTED
04-14-00758-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/27/2015 7:41:14 PM
KEITH HOTTLE
CLERK

## NO. 04-14-00758-CV

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
8/27/2015 7:41:14 PM
KEITH E. HOTTLE
Clerk

JOHN A. LANCE, DEBRA L. LANCE,
F.D. FRANKS AND HELEN FRANKS

APPELLANTS

V.

JUDITH AND TERRY ROBINSON, GARY AND BRENDA FEST,
VIRGINIA GRAY, BUTCH TOWNSEND AND
BEXAR-MEDINA-ATASCOSA COUNTIES WATER CONTROL AND
IMPROVEMENT DISTRICT NO. 1

APPELLEES

*From the 198th District Court of Bandera County, Texas*
*Trial Court No. CV-12-0100209*
*Honorable M. Rex Emerson, Judge Presiding*

# REPLY BRIEF OF APPELLANTS,
# JOHN A. LANCE, DEBRA L. LANCE,
# F.D. FRANKS AND HELEN FRANKS

Dan Pozza
State Bar No. 16224800
Attorney at Law
239 East Commerce Street
San Antonio, Texas  78205
(210) 226-8888 – Phone
(210) 224-6373 – Fax
danpozza@yahoo.com

Cynthia Cox Payne
State Bar No. 24001935
P.O. Box 1178
1118 Main Street
Bandera, Texas  78003
(830) 796.7030 – Phone
(830) 796.7945 – Fax
cpayne@paynelawfirm.net

ATTORNEYS FOR APPELLANTS,
JOHN A. LANCE, DEBRA L. LANCE, F.D. FRANKS AND HELEN FRANKS

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..................................................................................................ii

INDEX OF AUTHORITIES.........................................................................................iv

SUMMARY OF REPLY ARGUMENT .........................................................................1

REPLY ARGUMENT ....................................................................................................4

I. Reply Argument to Statement of Facts. .......................................................... 4

II. The Plaintiffs did not sue in equity to remove a cloud or an easement, nor did they move for summary judgment on that ground............................ 6

III. Trespass to Try Title is necessary to attack the validity of the Defendants' Deed Without Warranty. ...................................................... 6

IV. Plaintiffs do not have standing to bring this suit. ......................................... 10

V. In holding that the Deed Without Warranty conveyed no interest, the trial court made a determination of title. ................................................... 12

VI. Plaintiffs do not have an express easement. .................................................. 13

1. The 1917 Spettle Deed is void....................................................................13

2. The deed on which Plaintiffs rely for an express easement is not in their chain of title...........................................................................................13

3. The easement in the Spettle Deed is invalid for a host of reasons. ...............15

  a. The easement does not satisfy the statute of frauds. ...........................15

  b. The easement does not have a dominant and servient estate. ..............15

  c. The easement is not an easement appurtenant. ...................................16

  d. There is no easement language, explicit or otherwise, in any deed in Plaintiffs' chain of title.........................................................17

  e. No rights are implied...................................................................17

    f.     The language at most establishes an easement in gross........................18

VII.  None of the elements of a Chapter 12 claim were conclusively established............................................................................................. 19

PRAYER ........................................................................................................20

CERTIFICATE OF SERVICE ....................................................................21

CERTIFICATE OF COMPLIANCE............................................................22

# INDEX OF AUTHORITIES

**Cases** **Page**

*Altman v. Blake*,
712 S.W.2d 117 (Tex. 1986) ............................................................... 15

*Bexar-Medina-Atascosa Counties Water
Improvement District No. 1 v. Wallace*,
619 S.W.2d 551 (Tex. App.—San Antonio 1981, writ ref'd n.r.e.)........ 13

*City of Dallas v. Leake*,
300 S.W.2d 135 (Tex. Civ. App.—Dallas 1957, writ ref'd n.r.e.)............9

*Drye v. Eagle Rock Ranch, Inc.*,
364 S.W.2d 196 (Tex. 1962) ............................................................... 16

*Engelbretson v. Hyder*,
2005 WL 168838
(Tex. App.—Waco, January 26, 2005, pet. denied) (mem. op.) ............. 18

*Gordon v. West Houston Trees, Ltd.*,
352 S.W.3d 32 (Tex. App.—Houston [1st Dist.] 2011, no pet.)................9

*Greer v. Greer*,
191 S.W.2d 848 (Tex. 1946) ............................................................... 15

*Hubert v. Davis*,
170 S.W.3d 706 (Tex. App.—Tyler 2005, no pet.)................................ 15

*Lance v. Robinson*,
2013 WL 820590
(Tex. App.—San Antonio, March 6, 2013, no pet.)................................ 10

*Lopez v. Morales*,
2010 WL 3332318
(Tex. App.—San Antonio, August 25, 2010, no pet.)....................... 10, 11

*McDaniel v. Calvert*,
875 S.W.2d 482 (Tex. App.—Ft. Worth 1994, no writ) ........................ 18

*Merritt v. Davis*,
331 S.W.3d 857 (Tex. App.—Dallas 2011, pet. denied) ....................... 19

*Nobles v. Marcus*,
     533 S.W.2d 923 (Tex. 1976) .............................................................. 10, 11

*Taylor v. Lane*,
     18 Tex. Civ. App. 545, 45 S.W. 317
     (Tex. Court of Civil Appeals of Texas 1898)........................................... 18

*Wallace v. McKinzie*,
     869 S.W.2d 592 (Tex. Civ. App.—Amarillo 1994, no writ) .................. 15

*West Beach Marina, Ltd., v. Erdeljac,*
     94 S.W.3d 248 (Tex. App.—Austin 2002, no pet.)................................ 15

*Wilhoite v. Sims*,
     401 S.W.3d 752 (Tex. App.—Austin 2013, no pet.)....................... 7, 8, 12

## Statutes and Rules

Tex. Civ. Prac. & Rem Code, Chapter 12.................................................. 2, 11, 19
Tex. Civ. Prac. & Rem. Code Ann. § 12.002(a) (West Supp. 2012)................. 19
Texas Rule of Appellate Procedure 38.1(g)...........................................................4

**TO THE HONORABLE FOURTH COURT OF APPEALS:**

Appellants, John A. Lance, Debra L. Lance, F.D. Franks and Helen Franks (referred to herein as "Defendants" or as "Lances" or as "Franks"), file this their Reply Brief of Appellants, and respectfully show the Court as follows:

**SUMMARY OF REPLY ARGUMENT**

The grantors in the Spettle Deed to MVICO are not the same grantors as those identified in the Spettle Partition Deed although Plaintiffs suggest otherwise. Plaintiffs' Brief at 18-19.

> Grantors in MVICO Deed (admitted as evidence at the temporary injunction hearing): Theresa Spettle, Roscoe Redus and wife, Mathilda Spettle Redus, Alex Mangold and wife, Mary Mangold, Adolph Holzhaus and wife, Pauline Holzhaus
>
> Grantors in Spettle Partition Deed (*not* admitted as evidence at the temporary injunction hearing)**:** Theresa Spettle, the widow of John B. Spettle and her three daughters Mathilda Spettle Redus, Pauline Spettle Holzaus and Mary Theresa Spettle, Mangold, heirs at law and the sole heirs at law of said John B. Spettle, deceased….

Notwithstanding the foregoing, even if the term "grantors" is identical in these two separate and distinct deeds, the MVICO deed is still not in Plaintiffs' chain of title. Plaintiffs have neither pled nor proved any theory by which they are entitled to rely on a deed that is not in their chain of title.

The deed without warranty has not been properly set aside or rendered a nullity. There is a judgment regarding ownership (trial court's judgment 1 & 2); but ownership can only be determined in a Trespass to Try Title suit. Worse, the Plaintiffs have no standing to contest this deed for fraud because the Plaintiffs were not the grantors. The deed without warranty is valid under Texas law until a proper party brings a successful suit to set aside the deed.

There is no easement appurtenant. The Deed from Spettle to MVIC is void for lack of a legal description, is not in Plaintiffs' chain of title, does not contain language that complies with the statute of frauds and does not identify a dominant or servient estate. The Deed is consistent with the creation of a license or an easement in gross. Nothing in the Deed mentions the right to cross over or linger on and the deed does not give any rights with regard to anyone else's property. The Plaintiffs' own deeds are silent as to any easement rights.

There is no legal or factual support for the judgment against Defendants under Texas Civil Practice & Remedies Code, Chapter 12. Chapter 12 is the fraudulent lien statute. There is no lien involved in this litigation. The Plaintiffs did not conclusively prove that Lance made, presented, or used a deed with knowledge that it was fraudulent. Indeed, the evidence shows the opposite.

> Q: Mr. Lance, you honestly thought you owned this .282 acres tract?
>
> A: No doubt.

Q: And it was Mr. Franks, is your testimony, who told you that you owned the land there?

A: We hired a lawyer, Billy Walker, out of Houston that we consulted with to make sure that we were doing the right thing.

Q: Do you understand that to get a piece of property, you have to obtain it from the person who owns it? Right?

A: I have no idea. I mean, we went through an attorney that knew all that.

Q: How did you think that Mr. Franks owned this (the disputed tract)?

A: Because we went to a lawyer, and Mr. Walker and Mr. Franks discussed it, and that's the way it came out.

CR 127-29.

Finally, the Plaintiffs' reliance on the evidence adduced at the hearing on the temporary injunction in and of itself shows that the Plaintiffs did not conclusively prove their entitlement to share the disputed area with Defendants. Their own expert, Lemuel Sinclair, testified that there are a number of homes that have been built below elevation 1084 along Medina Lake's shoreline. The fact that property is being exclusively controlled by private property owners below elevation 1084, rather than by BMA, conflicts with the Plaintiffs' testimony that they believe they have access to lake property at any location if the property is below elevation 1084. These facts corroborate Mr. Franks' testimony that homes have been built below

elevation 1084. A home is a much more dramatic exclusion of the Plaintiffs' so-called easement rights than the Defendants' fence.

## REPLY ARGUMENT

### I. Reply Argument to Statement of Facts.

The statement of facts of Intervenor, Bexar-Medina-Atascosa Counties Water Control & Improvement District No. 1 (BMA), violates Texas Rule of Appellate Procedure 38.1(g). That rule requires that the statement of facts be supported by record references. BMA's statement of facts has few record references (reserved for that portion of the statement having to do with the hearing on its attorney's fees) and no record references to support statements about its ownership interests in the disputed property and its administration of global settlements with other property owners.

BMA does get one thing right that the Plaintiffs get wrong in their own statement of facts. BMA admits that "[a]lthough the BMA contends it is the fee owner of the property in question, that matter was not part of the trial court's judgment and is not before this court on appeal." BMA Brief at 2. As previously mentioned in Defendants' statement of facts, the trial court considered additional evidence at a rehearing of the motions for summary judgment and struck through its "declaration 3" deleting its prior ruling that the .282-acre area is owned in fee by BMA. CR 412-15. Tab A to Appellants' Brief.

BMA still contends it is an indispensable party to this litigation. But the trial court ruling shows that BMA was never an indispensable party to this litigation as its ownership interest was never determined. In that event, why was it in the lawsuit? And how can BMA be considered a prevailing party for purposes of being awarded attorney's fees when it obtained no relief from the underlying summary judgment?

The Plaintiffs' statement of facts contains record references but it also contains blatant misstatements. For instance, the Plaintiffs present as a fact that BMA is the owner of the disputed area. Plaintiffs' Brief at 12. As previously noted, this is simply not true.

The Plaintiffs claimed that at the temporary injunction hearing they "proved up their rights in the land and chain of title…" Plaintiffs' Brief at 21. If the Plaintiffs are referencing the .282 acres, then their title goes back to the Partition Deed and that deed was not admitted at the Temporary Injunction hearing. Because that deed was not admitted at the temporary injunction hearing, then it was never before the trial court as part of the summary judgment evidence even if the trial court is entitled to consider exhibits from an earlier hearing as summary judgment evidence.

Of course, the first time the deeds appear of record connected with Plaintiffs' motion for summary judgment is here in the supplemented appellate

record. The deeds were with the court reporter from the temporary injunction hearing at all times pertinent to the trial court's consideration of the motions for summary judgment. And it is from that court reporter that the deeds were only recently retrieved and filed here.

## II. The Plaintiffs did not sue in equity to remove a cloud or an easement, nor did they move for summary judgment on that ground.

The Plaintiffs state that "Texas courts have recognized a cause of action in equity to remove a cloud on an easement." Plaintiffs' Brief at 35. But Plaintiffs did not plead a cause of action in equity to remove a cloud on an easement. And importantly, they did not move for summary judgment on this ground. The Plaintiffs sought relief under the Declaratory Judgments Act that the deed without warranty is an invalid cloud on the ownership rights of Plaintiffs and BMA in the disputed area. In their brief, Plaintiffs identify the elements of a suit to quiet title, but, again, that cause of action was not before the trial court.

## III. Trespass to Try Title is necessary to attack the validity of the Defendants' Deed Without Warranty.

The Plaintiffs sought certain relief pursuant to the Declaratory Judgments Act. The trial court awarded that relief, finding that "The Deed Without Warranty…..did not convey any ownership …..in the described property to the Lances." The trial court, while not ruling on who *was* the owner of the described property, *did* rule on who was *not* the owner. But rulings concerning ownership,

both for and against, must be presented and awarded under Trespass to Try Title principles.

Yet the Plaintiffs say that "when a person makes up a deed, like Defendants did in this case, a party negatively affected by that deed does not have to bring a trespass to try title to prove that the deed is fake." The Plaintiffs cite *Wilhoite v. Sims*, 401 S.W.3d 752 (Tex. App.—Austin 2013, no pet.) as support for this position.

*Wilhoite* involved a quitclaim deed which one party sought to have set aside for fraud.

> The issue in this case was whether the quitclaim deed was voidable by being obtained by fraud, not whether Wilhoite's title was superior to Sims's. A suit for cancellation of a deed is an assertion of an equitable right, namely, the right to have a voidable deed cancelled. It is not a claim of right to title and possession of real property. The assertion of an equitable right, such as cancellation of a deed procured by fraud, is not governed by the trespass-to-try-title statute. Such an assertion is clearly distinguishable from the claim of right to title and possession of real property, which is the *sine qua non* of a suit in trespass to try title.

*Wilhoite* at 760. (Internal citations omitted)

But unlike in *Wilhoite*, the Plaintiffs here did not seek to have the Deed Without Warranty declared to have been procured by fraud, and hence, voidable, in either their pleadings or their dispositive summary judgment motion. The Plaintiffs

-7-

did not seek to have the deed cancelled. *Wilhoite* does not support their position that a Tresspass to Try Title suit is not required "to prove that the deed is fake."

Defendants have never argued and do not argue that easement rights must be determined by a Trespass to Try Title suit. But finding ownership, or a lack thereof, in a party with a valid deed, is a determination involving ownership and that determination cannot be made under the Declaratory Judgments Act.

Plaintiffs also state that "[a]nother reason it was not necessary for Plaintiff to pursue relief in trespass to try title is that Defendants' deed without warranty does not raise an issue of title. A quitclaim deed raises no presumption of ownership….." Plaintiffs' Brief at 38. The Plaintiffs are treating the Deed Without Warranty as the equivalent of a quitclaim deed. The execution of a deed without warranty conveys all the right of the grantor in the land, and carries with it the implied covenant as to encumbrances. *Taylor v. Lane,* 18 Tex. Civ. App. 545, 45 S.W. 317 (Tex. Court of Civil Appeals of Texas 1898).

> A quitclaim deed conveys no more than the 'rights, title, and interest of the grantor.' In *Cook v. Smith, 107 Tex. 119, 174 S.W. 1094, 1095, 3 A.L.R. 940,* our Supreme Court said: 'The character of an instrument, as constituting a deed to land or merely a quitclaim deed, is to be determined according to whether it assumes to convey the property described and upon its face has that effect, or merely professes to convey the grantor's title to the property. If, according to the face of the instrument, its operation is to convey the property itself, it is a deed.

*City of Dallas v. Leake*, 300 S.W.2d 135, 143 (Tex. Civ. App.—Dallas 1957, writ ref'd n.r.e.).

The Plaintiffs' recitation of numerous quitclaim-deed cases is irrelevant to cases where, like here, the face of the instrument shows an intention to convey the property itself.

The Plaintiffs discuss a trial court's ability to quiet title. But in a suit to remove a cloud on title or to quiet title, the party bringing that suit must make the claim that that party's ownership of the property is superior to another party's. *Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32 (Tex. App.—Houston [1st Dist.] 2011, no pet.), cited by Plaintiffs, themselves, establishes this condition to bringing a suit to remove a cloud or quiet title.

> A suit to quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property—here, Gordon. It exists to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right. A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property.

*Id.* at 42. (Internal citations omitted).

The Plaintiffs have asserted a claim for an express easement over the entirety of the .282 acres. The Plaintiffs have not asserted ownership to the .282 acres. Thus, a suit to quiet title is unavailable here because to prevail, the Plaintiffs

would have to be seeking to have their fee ownership declared superior to Lance who took title under a deed. The Plaintiffs have not sought such relief.

## IV.     Plaintiffs do not have standing to bring this suit.

The Plaintiffs seek to distance themselves from the holdings in *Lopez v. Morales*, 2010 WL 3332318 (Tex. App.—San Antonio, August 25, 2010, no pet.) and *Nobles v. Marcus*, 533 S.W.2d 923 (Tex. 1976) based on this Court's holding in *Lance v. Robinson*, 2013 WL 820590 (Tex. App.—San Antonio, March 6, 2013, no pet.). "As this Court has already recognized, Plaintiffs in this case have an ownership interest in an easement over the land purported to be conveyed by the invalid deed." Plaintiffs' Brief at 40. But this earlier appeal concerned the denial of a motion to dissolve a temporary injunction issue.

> Our review in this instance is limited to the narrow question of whether the trial court's action in overruling the motion to dissolve the temporary injunction constituted a clear abuse of discretion.

*Id*. at *2.

> Although the Lances argue that Appellees own no easement or other interest in the property at issue, we must presume, based on the record before us, that the injunction was providently granted. *See id.* In both their pleadings—which we construe in their favor—and argument at the hearing on the motion to dissolve, Appellees claimed that they hold an easement allowing them to use and access the .282–acre area. …..Based on the record before us, we cannot conclude that the trial court abused its discretion in denying the motion to dissolve the temporary injunction.

*Id.* at \*5.

This Court did not hold that the Plaintiffs pled and proved an express easement or had standing to assert any cause of action other than Plaintiffs' claim under Tex. Civ. Prac. & Rem Code, Chapter 12. The existence of an express easement is now before this Court.

This Court's opinion in *Lopez v. Morales* provides clear guidance on which parties have standing to bring a claim for fraud in connection with a deed. There, a successor-in-interest to a grantee in the complained-of-deed brought suit to have the deed set aside for fraud and failure of consideration. This Court held that **"Morales sought to set aside a deed based on a claim that could only have been brought by the grantor, J.C**." *Id.* at \*4. (emphasis added.)

The Plaintiffs do not have the right to challenge the deed; and, until there is a successful suit to set aside a deed, it is valid and represents prima facie evidence of title. *Nobles v. Marcus*, 533 S.W.2d at 926. The Plaintiffs have not pled to have the deed set aside and they have no standing to do so. The judgment below held that "[t]he Deed Without Warranty…..did not convey any ownership or other interest in the described property to the Lances." Tab A, Appellants' Brief. Thus, the Plaintiffs were awarded relief for a successful suit to set aside a deed without ever pleading that cause of action and without standing to plead that cause of action.

**V.  In holding that the Deed Without Warranty conveyed no interest, the trial court made a determination of title.**

The Plaintiffs claim that "[t]he trial court did not adjudicate, as between two parties with a possessory right, who had the superior right of possession**.**" Plaintiffs' Brief at 43. The Plaintiffs rely on *Wihoite v. Sims*, a suit primarily involving a claim for statutory fraud and for cancellation of a deed.

> A suit for cancellation of a deed is an assertion of an equitable right, namely, the right to have a voidable deed cancelled. It is not a claim of right to title and possession of real property.

*Wihoite* at 760.

The trial court here ruled that the Defendants had no ownership interest in the disputed .282 acres and that Franks "never acquired ownership or other possessory interest in the disputed area by deed or other written instrument." Tab A, Appellants' Brief. That is a ruling about title and possession.

Plaintiffs' case of *Wilhoite v. Sims* holds that such a finding as made by the trial court here can only be accomplished in a trespass to try title suit. Plaintiffs did not plead a suit to quiet title, a suit for cancellation of a deed or a suit for trespass to try title, nor did they plead any of the elements of those causes of action nor do they have any proof of each and every element. The trial court's judgments, nos. 1 and 2, are unsupportable for the myriad of reasons above identified.

**VI.    Plaintiffs do not have an express easement.**

**1.    The 1917 Spettle Deed is void.**

Defendants have already briefed this issue and explained that the exact same deficiency in the legal description of the deed in *Bexar-Medina-Atascosa Counties Water Improvement District No. 1 v. Wallace*, 619 S.W.2d 551 (Tex. App.—San Antonio 1981, writ ref'd n.r.e.) is in the Spettle Deed to MVICO.

However, Plaintiffs claim that *Wallace* is instructive because it recognizes a dividing line between BMA land and adjoining private lands in the high water mark of Elevation 1084. In *Wallace*, this Court noted BMA's operational jurisdiction included Medina Lake. *Wallace* makes no findings about ownership of land below or above the 1084 Elevation:

> ….to prevent the Wallaces from constructing a septic tank on land below the "high water mark" around Medina Lake, a lake operated by BMA under authority of the Texas Legislature.

*Id.* at 552.

In fact, BMA lost its appeal to exert control over land in Bandera County. The Spettle Deed is void because it does not contain the nucleus of a valid description.

**2.    The deed on which Plaintiffs rely for an express easement is not in their chain of title.**

Plaintiffs continue to misstate the deeds that are in their chains of title.

Plaintiffs state:

> "The testimony of Lemuel Sinclair, expert surveyor for Plaintiffs, establishes that the Spettle Deed is in Plaintiffs' chain of title. CR 69-77."

Plaintiffs' Brief at 47.

But Lemuel Sinclair's testimony at the temporary injunction hearing was:

> Q:   Based on your review of those deeds, are Lots 1, 2 and 3 in this subdivision – the owners of those lots successor in title to the partition lands partitioned to Mathilda Spettle Redus in 1917?
>
> A:   Yes, sir.

CR 73.

Plaintiffs' expert testified that the Plaintiffs' lots, 1, 2 and 3 trace their ownership back to the Spettle partition deed. They do not trace their ownership back to the deed to MVICO which has the language on which the Plaintiffs rely for an express easement. If the deed to MVICO was in Plaintiffs' chain of title, there would have been a deed from MVICO to a grantee. That grantee would have conveyed to another, up to present title being held by the owners of Lots 1, 2 and 3 (Plaintiffs). But, that did not happen. MVICO held title to the specific land identified in that deed and BMA is the successor-in-interest. To say that the deed to MVICO is in Plaintiffs' chain of title is nonsense. Ownership of the land covered in that deed has not changed hands since 1917.

**3.    The easement in the Spettle Deed is invalid for a host of reasons.**

*a.    The easement does not satisfy the statute of frauds.*

Plaintiffs contend a description of an easement's location is not required. Express easements, like deeds, must comply with the statute of frauds. They must have a description of the easement's location. *Greer v. Greer*, 191 S.W.2d 848 (Tex. 1946); *Wallace v. McKinzie*, 869 S.W.2d 592, 597 (Tex. Civ. App.—Amarillo 1994, no writ); *West Beach Marina, Ltd., v. Erdeljac,* 94 S.W.3d 248, 264 (Tex. App.—Austin 2002, no pet.); and *Hubert v. Davis*, 170 S.W.3d 706, 710-711 (Tex. App.—Tyler 2005, no pet.). There is no evidence of record of where the easement lies on the ground and the Spettle Deed is silent on this point.

*b.    The easement does not have a dominant and servient estate.*

Plaintiffs attempt to supplement the express grant in the Spettle deed to MVICO by identifying the dominant and servient estates. But their interpretation and extrapolation is not relevant; the language of the grant is what matters. It is the intent of the parties as expressed within the four corners of the instrument which controls. *Altman v. Blake*, 712 S.W.2d 117, 118 (Tex. 1986). The MVICO deed does not identify a dominant estate.

Plaintiffs try to explain how an *express* easement is created where the dominant estate is *impliedly* described: "The contours of the burdened estate are clear—the relevant boundary of the entire conveyance is Elevation 1084. Plaintiffs' Brief at 49. Yet the deed itself (i.e., the Spettle Deed to MVICO)

-15-

contains no mention of any elevation. Plaintiffs provide a detailed excerpt from the Spettle Deed of how the land to be conveyed is described. Plaintiffs' Brief at 49. But there is no mention of any elevation readings.

Plaintiffs fill in the missing provisions in the "easement grant language" with their own opinion as to where the dominant estates lies: "The easement attaches to any land between Elevation 1084 and the reservoir that was conveyed to MVICO in the Spettle Deed,…" Plaintiffs' Brief at 49. But the easement grant is construed within the four corners of the instrument. Plaintiffs' own interpretation is both wrong and irrelevant.

### c. The easement is not an easement appurtenant.

The Texas Supreme Court in *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196 (Tex. 1962) states the requirements for an easement appurtenant: "For there to be an easement appurtenant, either expressed in writing or implied, there must be a **dominant** estate and a servient estate." *Id*. at 207. (emphasis supplied). Once again, the deed from a group, including Spettles, plus others, to MVICO, describes the land to be burdened by the alleged easement and makes no mention of any land benefitted by the easement. This deficiency cannot be remedied by Plaintiffs opining as to what the parties meant to designate as the beneficial land, or, dominant estate. To have an easement appurtenant, easement rights must attach to real property.

> d. *There is no easement language, explicit or otherwise, in any deed in Plaintiffs' chain of title.*

Plaintiffs cite to the Judgment, ruling no. 4, for proof that the easement language is explicit. But that language is found in the Spettle Deed to MVICO. In ruling No. 5, the judgment states that the land comprising Redus Point Addition (where Plaintiffs' Lots 1, 2 and 3 are located) are part of the land partitioned to Mathilda Spettle Redus. This is a different deed from the MVICO deed and this partition deed is not anywhere in the record. The Spettle Partition deed is silent on any reference to the lake, use of any water in the lake or any rights associated with the lake and that is the deed in the Plaintiffs' chain of title. So, even though the language in the Spettle Deed to MVICO does not create an easement appurtenant, that is irrelevant because that deed is not in the Plaintiffs' chain of title.

> e. *No rights are implied.*

Notwithstanding the fact that Plaintiffs rely on language from a deed that is not in their chain of title, even if the Spettle deed to MVICO had been in the Plaintiffs' chain of title, the language says NOTHING about any right to cross, linger or recreate on land belonging to another. The language of the MVICO deed, which is recited in the trial court's judgment, no. 4, is clear on that point. No rights are implied.

### f. The language at most establishes an easement in gross.

Plaintiffs argue that "the language of the easement clearly indicates that it is an easement appurtenant, running with the land." Plaintiffs' Brief at 52. But a reading of the language on which they rely (the language from the MVICO deed which is not in their chain of title), trial court judgment ruling no. 4, describes no land to which the rights attach.

Words that give rise to an easement appurtenant were explained in *McDaniel v. Calvert*, 875 S.W.2d 482, 484 (Tex. App.—Ft. Worth 1994, no writ):

> …the express easement here provides, "the roadway easement[s] [are] not exclusive, but shall be held and used jointly and in common, by both the grantors and grantees herein, and their respective heirs and assigns in title to any lands abutting said roadway." A fair interpretation of this grant is it was created to benefit the property abutting the roadway, not a specific person. Consequently, it is an easement appurtenant.

Contrast this language with the language relied on by Plaintiffs which states: "The easement gives said grantors, and their heirs and assign, the following rights to use the land…and waters…" Trial court judgment, no. 4. An easement appurtenant attaches to the land and passes with it, while an easement in gross is personal and attaches only to the grantee. *Engelbretson v. Hyder*, 2005 WL 168838 (Tex. App.—Waco, January 26, 2005, pet. denied) (mem. op.).

The language relied upon by Plaintiffs, from a deed which is not in their chain of title, at most establishes an easement in gross in favor of the grantors of that deed which is a group, including some Spettles.

**VII. None of the elements of a Chapter 12 claim were conclusively established.**

The elements for a cause of action pursuant to Tex. Civ. Prac. & Rem Code Chapter 12 are: the plaintiff must show: "(1) **the defendant made, presented, or used a document with knowledge that it was a fraudulent lien**, (2) the defendant intended that the document be given legal effect, <u>and</u> (3) the defendant intended to cause the plaintiff physical injury, financial injury, or mental anguish." *Merritt v. Davis,* 331 S.W.3d 857, 860–61 (Tex. App.—Dallas 2011, pet. denied); *see* Tex. Civ. Prac. & Rem. Code Ann. § 12.002(a) (West Supp. 2012). (emphasis supplied).

With regard to element number 1, there is no lien involved in the subject litigation. Furthermore, Defendant John Lance testified repeatedly at the temporary injunction hearing that he relied on counsel who prepared the deed without warranty and testified that this attorney is board certified in residential as well as farm and ranch real estate law. John Lance clearly believed it to be a valid deed. With regard to element number 2, since there is no lien involved, Defendants had no intent with regard to a non-existing lien. The trial court specifically did not find that Defendants intended to cause Plaintiffs physical injury, financial injury, or

-19-

mental anguish. There is no element 3 established. There is no basis for any finding with regard to Chapter 12.

## PRAYER

For all of these reasons, the Defendants pray that the summary judgment be reversed and rendered, or in the alternative, remanded, that the order awarding attorney's fees, court costs and interest by reversed and rendered or, in the alternative, remanded, and that the Defendants have such other and further relief to which they are entitled at law or in equity.

Respectfully submitted,

Cynthia Cox Payne
State Bar No. 24001935
1118 Main Street
Bandera, Texas 78003
(830) 796-7030 – Phone
(830) 796-7945 – Fax
cpayne@paynelawfirm.net


/s/Dan Pozza
Dan Pozza
State Bar No. 16224800
239 East Commerce Street
San Antonio, Texas 78205
(210) 226-8888 – Phone
(210) 224-6373 – Fax
danpozza@yahoo.com

ATTORNEYS FOR APPELLANTS
JOHN A. LANCE, DEBRA L. LANCE,
F.D. FRANKS AND HELEN FRANKS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing **REPLY BRIEF OF APPELLANTS** was served via electronic transmission, on this the 28th day of August, 2015 to:

Stephan B. Rogers
Ross S. Elliott
Rogers & Moore
309 Water Street, Suite 114
Boerne, Texas  78006
Attorney for Plaintiffs
srogerslaw@gmail.com
rors@rogersmoorelaw.com

Edward Hecker
Gostomski & Hecker
607 Urban Loop
San Antonio, Texas 78204
ed@ghlawyers.net

/s/Dan Pozza

# CERTIFICATE OF COMPLIANCE

1. The undersigned certifies that this Reply Brief of Appellants complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2)(D) because this brief contains 4,730 words, excluding parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

2. This brief complies with the typeface requirement of Tex. R. App. P. 9.4(e) because this brief has been prepared in a conventional typeface of 14-point font in the text.

/s/Dan Pozza